# OCTOBER TERM, 1862, AT DETROIT.

## James H. Morris v. Alfred M. Hoyt and others.

Persons who, after a contract has been made for the conveyance of lands, acquire interests in the lands derived from the vendor, are necessary parties to a bill for the specific performance of the contract.

An answer in chancery without oath, is but a pleading, and of no effect as mere evidence. So far as it admits the case made by the bill, it relieves the complainant from proof. So far as it controverts that case, it puts the complainant to his proof. But so far as it alleges any new matter of avoidance, or any matter the burden of proving which would naturally rest upon the defendant, it is of no effect without proof.

The failure of the vendee to tender performance and demand a deed before filing a bill for the specific performance of a contract for the sale and conveyance of lands, only affects the question of costs.

A stipulation in such a contract, that the vendee shall "improve the premises" but specifying neither the kind nor extent of the improvements, is so indefinite that the intention of the parties can not be known; and on a bill for specific performance, it will be treated as immaterial.

A failure of the vendee to pay the taxes as stipulated in such a contract, stands upon the same basis, as respects specific performance, as a default in the payment of instalments of the purchase money.

A provision in such a contract, that on failure by the vendee to fulfill the agreements on his part at the times specified, the vendor may re-enter and take possession of the land, and all rights of the vendee under the contract shall be null and void, and all payments and improvements made by him shall be forfeited, does not make time so far of the essence of the contract as that all rights of the vendee become *ipso facto* forfeited merely by a failure to pay at the times agreed upon, without any act on the part of the vendor indicating an intention to insist upon the forfeiture.

Under such a provision, the only mode by which the vendor can forfeit the rights of the vendee, is by re-entering and taking possession of the land, or some act equivalent thereto.

Where a vendee seeks the specific performance of a contract after default in the payment of instalments of principal and interest, he will be required to pay interest on the instalments of interest from the time they fell due.

*Heard July 17th and 18th. Decided November 13th.*

Appeal in Chancery from Saginaw Circuit.

Bill for specific performance. It sets forth, that on the 24th day of February, 1854, Alfred M. Hoyt, being.

11 Mich.—B.

then the owner in fee of lots four to thirteen inclusive, in block three of the village of East Saginaw, by his agreement in writing, contracted to sell said lots to complainant for $3,000, to be paid as follows: $100 at the date of the contract (which was duly paid), $725 August 1, 1854, $725 August 1, 1855, $725 August 1, 1856, and $725 August 1, 1857, with interest on all unpaid sums at the time of each payment; and that complainant agreed to purchase said lands, and pay as aforesaid. The agreement is set forth, and it appears that the contract of said Alfred M. Hoyt was to convey "upon the perfect and complete performance of the covenants and agreements" of complainant; that said complainant, in addition to the payments mentioned, bound himself "to improve said property," but the agreement did not state how, or to what extent; that complainant was "to pay all taxes and assessments, of whatever name, nature or description, that may in any manner be assessed, levied or charged" upon said lands after the date of said agreement; and it was further agreed that, in case of the non-fulfillment by complainant of all and singular the covenants and agreements on his part, at the times or time above specified, the said Hoyt might re-enter and take possession of said real estate, and all right and interest of complainant, under said agreement, should cease and be null and void, and all payments which should have been made, and all buildings or other improvements that should have been placed upon the premises by complainant prior to any default, should be retained by said Hoyt, as liquidated damages for the non-performance of the contract.

The bill states that, in addition to the $100 paid at the date of the contract, complainant paid the instalment which fell due August 1, 1854; that he failed to make the payments which fell due August 1, 1855 and August 1, 1856, but that said Hoyt never intimated to him that he should consider said contract forfeited on account of such failure,

MORRIS *v.* HOYT.

and that on the first day of August, 1857, when the last payment became due, he tendered payment of all the money then due on the contract, and demanded a deed of the lands, but that the payment was declined and the deed refused; that said Jesse Hoyt was in some way or manner interested with said Alfred M. in the sale of said lands, but that the legal title, for the convenience of parties, was in said Alfred M. Hoyt; that some change has been made in the business relations of said Hoyts, of the particulars of which complainant is not informed, and that said parcels of land have been conveyed by said Alfred M. to said Jesse Hoyt, but with full notice of the rights of complainant: The bill alleges that, since the date of the contract, complainant has "in all things done and performed what was by him to be done and performed according to the terms of the contract," except as therein before stated; that neither of said Hoyts has ever tendered or offered to complainant a deed for said lands: that said lands are now (May, 1858), unoccupied; claims that complainant is entitled to a deed on payment of the balance due on the contract, which payment he offers to make, and in all things to perform the contract on his part; calls for an answer without oath, and prays that said Hoyts may be decreed specifically to perform the agreement, and to convey the lands, &c. This bill, before answer, was amended by making Curtis Emerson a party defendant, charging that he claims some interest in said lands adverse to complainant, by virtue of a pretended purchase from Jesse Hoyt, but charges that the interest of Emerson was acquired with a full knowledge of the rights of complainant.

The bill was taken as confessed as against Emerson.

The defendants Hoyts answer, admitting the contract as set out in the bill, and the payment of the $100 at date of the contract, and of the instalment due August 1st, 1854, but allege that complainant failed to improve the land, and also failed to pay the taxes assessed on the lands,

after the date of the contract, and that defendants or one of them have been compelled to pay large sums for said taxes; that after the default of complainant, about the first day of October, 1855, defendants again took possession of all said lots, and have ever since had the same in their possession, and that complainant has not since put forth any claims to the same, till the filing of the bill. They deny that a tender was ever made of the sum due by the contract as alleged in the bill; insist that time is made of the essence of the contract by its terms, and that by the failure to pay the instalments and taxes and to improve the lots, complainant has released all claim or rights to the lands, and that defendants had a right to re-enter, take possession and hold said lots as if no such contract had existed.

A replication was filed to this answer, and the case was heard in the Court below upon the pleadings and the *pro confesso* of Emerson, and the Court below decreed a specific performance, and made a reference to a Notary Public (the Circuit Court Commissioner being one of the solicitors in the case) to ascertain which of said defendants "now holds the legal title to the premises," and whether a good title can be made thereto, and also to ascertain the amount due from complainant on the contract, the Court reserving the consideration of all further directions, and of the costs, until the making of the report. The Notary reported that defendant Alfred M. Hoyt "now holds the" title and can make a good title, and that there was due on said contract from complainant for principal and simple interest thereon from February, 1854, to date of report, $3,262 74, and the further sum of $237 90 for interest on the annual instalments of interest from the time when they were respectively payable to the date of the report, and the further sum of $247 50 for the taxes paid by defendants Hoyts for the years 1854, 1856, 1857, 1858, 1859 and 1860; and the evidence showing the payment of the taxes is returned with the report.

MORRIS v. HOYT.

Exception was taken to the report on the ground that the sum of $232 90 had been thereby allowed for interest on the several instalments of interest from the time when such instalments of interest respectively became due; and this exception was allowed by the Court, and the interest upon the interest disallowed; but said report in all other respects confirmed, and a final decree entered that complainant pay to defendant Alfred M. Hoyt, within ninety days, the sum of $3,510 24, being the amount of the instalments due on the contract, with simple interest, and the taxes paid and interest thereon, and that defendant Alfred M. Hoyt, upon such payment, convey to complainant, &c., and that neither party recover costs against the other. From this decree an appeal was taken by the defendants Hoyts.

*Moore & Gaylord,* and *T. M. Cooley,* for complainant:

1. The answer without oath is but a pleading, and having been replied to, as evidence has no greater effect : its admissions are indeed evidence for complainant, but no matters therein stated by way of avoidance, or affirmative allegations, are evidence for any purpose whatever :— *Wal. Ch.* 94; *Ibid.* 267 ; 14 *Johns.* 73; 4 *Paige,* 33 ; *Ibid.* 507; 2 *Mich.* 237.

2. Courts of equity do not treat time as of the essence of a contract for the payment of money upon an agreement for the sale and conveyance of lands, though it is frequently held otherwise on an agreement for the sale of chattels:— 11 *Paige,* 363 ; 9 *Johns.* 466 ; 8 *Mich.* 463; 5 *Wis.* 206 ; 6 *Wheat.* 633 ; 3 *Bibb,* 366 ; 2 *Sch. & Lef.* 684; *Story Eq. Juris.* §§ 775, 776 ; 2 *Lead. Cas. in Eq.* 75 *to* 79 ; *Willard Eq.* 279. And a stipulation that a failure to pay an instalment when due shall forfeit the contract, will not have the effect to make time essential, for this is but the legal result of the contract without such stipulation : —11 *Paige,* 363.

Undoubtedly the parties have the right to make time of

the essence of the contract. In many cases it is really so, whether declared or not. Where the subject matter of the contract — the object and purpose of it — are such that performance at the time will alone effectuate that object and purpose, and a failure to do so cannot be compensated, no Court could be expected to look in the contract for words expressly declaring time to be of its essence. That is already apparent, and needs no such declaration. But agreements for the mere payment of money are not often of this character. The payment of the *money*, as an increase to a man's means, is their purpose and object. The law has a definite standard of damages for any delay of this kind. It has fixed that standard in express reference to such delays. *As a rule*, time is not of the essence of these contracts, and where it is not so *in fact*, a declaration in the contract that it shall be, will not make it so.

The neglect to pay the money after it comes due must be *gross* neglect, or equity will grant relief. Whether it is gross or not depends entirely on the circumstances. It is gross if it operates unjustly; it is not gross if, under the circumstances, no one is harmed by it. That neglect is gross which has continued till the relative position of the parties has so changed that the contract if made now would not be an even one. And that is gross also which continues after the defaulting party has been fairly notified of an intent to put an end to the contract. Till such notice is given, the neglect can not be called gross unless the interests of the other party are injuriously affected in consequence.

It is said in this case, that complainant shows no equitable circumstances entitling him to relief. But a party is only required to show such circumstances when asking relief against *gross* neglect. As a general rule equity enforces these contracts, notwithstanding the time has expired. But if there has been gross neglect to perform, working injustice to the other party, a strong showing of equitable circum-

MORRIS v. HOYT.

stances must be made. And then equity may relieve notwithstanding relief sometimes operates harshly upon the opposite party. But the large payment made in this case is a circumstance of strong equity. And it is but reasonable to hold that the vendor acquiesces in the delay so long as he neglects to give notice of an intent to put an end to the contract. Until then he has a remedy against the vendee upon the contract; and while he retains the right to call for payment, the vendee should have the right to make payment. See 9 *Johns.* 466; 7 *Mich.* 420; 3 *Green Ch.* 157; 4 *Brown Ch. Cas.* 332; 3 *Jones*, 84; 6 *Rich. Eq.* 324; 9 *Texas*, 145; 4 *Johns. Ch.* 561.

In this case the act agreed upon in the contract, as evidence of Hoyt's design to cancel the contract, was his re-entering and taking possession of the lands. It is not shown that this has been done.

3. The failure to pay taxes is like any other failure to pay money under the contract, and is to be relieved upon the same terms. As to the stipulation for improvements, it is too indefinite to be enforced. And there is nothing in the case showing that Hoyt had any interest in having the improvements made, or that he has lost any thing by their not being made; and nothing is claimed in the answer on that ground.

4. The failure to prove a tender only affects the question of costs:—12 *Ves.* 25; 2 *Comst.* 415; 6 *Barb.* 281.

5. The decision of the Court on the question of interest was correct:—4 *Paige*, 100; 7 *Greenl.* 48; 1 *Binn.* 165; 8 *Mass.* 455; 6 *Johns. Ch.* 313; 1 *Johns.* 13.

*W. L. Webber*, for defendants Hoyts:

1. The bill is multifarious, for that it prays relief against Jesse Hoyt and Emerson, who are not parties to the contract:—*Welf. Eq. Pl.* 54; *Story Eq. Pl.* §272; 3 *Mich.* 459; 3 *Myl. & Cr.* 63; *Dart on V. & P.* 465–6.

2. By the terms of the contract, *time* is material, and

of the essence of the contract. Unless the vendee performed at the time and in the manner in the contract specified, he lost all right to the premises: — 7 *Ves.* 265; 3 *Madd.* 440; 1 *J. & W.* 410; 2 *Sim.* 78; 1 *J. & C. Ex. Cas.* 401–416; 3 *Am. Lead. Cas.* (3d *Ed.*) 81–85; *Adams' Eq.* 88; 2 *Story Eq.* § 776; 5 *Cranch,* 278; 8 *Cranch,* 471; 14 *Pet.* 172; 1 *Johns. Ch.* 370; 2 *Edw. Ch.* 78; 7 *Paige,* 22; 2 *Conn.* 512; 13 *Ill.* 573; 2 *Stock. Ch.* 577; 5 *Gilm* 309; 1 *Hare,* 341; 2 *Ohio S. R.* 326; 3 *Leigh,* 161; 1 *C. Greene* (*Iowa*) 302; 7 *Ohio,* 424; *Ibid.* 432; 4 *Mich.* 570. Complainant shows no special equity taking this case out of the general rule.

3. By the terms of the contract, the vendor was under no obligation to convey until after "full, perfect and complete performance." As a part of the consideration, the vendee was to improve the property. The improvement was a condition precedent to the deed. Though the stipulation was not as definite as such stipulations usually are, the evident intention of the parties was that the lots should be made more productive and valuable, and that they should be used and occupied. See 8 *Cranch,* 371.

4. But the case made by the bill is not sustained by proof. Complainant must recover, if at all, upon the bill and his proofs. The bill and answer are of equal weight, and neither outweighs the other: — 9 *Mich.* 540. But if complainant resort to the answer for proof, he must take the whole of it, relating to the same subject, that would be responsive to the bill had the answer been on oath: *Story Eq. Pl.* § 875a; 6 *Mich.* 232; 1 *Greenl. Ev.* §§ 201, 202. The only facts on which the bill and answer agree are that the contract was made, and that two payments were made on it. Complainant made no proofs, and we must infer that none existed. But the proof on the reference showed that he had neglected to pay the taxes, and that Hoyt had paid them. A party can not call upon a court of equity for a specific performance unless he has

shown himself "ready, desirous, prompt and eager" to perform, even though he may have paid part of the purchase money: — 4 *Ves.* 686; 13 *Ves.* 225.

5. The Court erred in sustaining the exception to the Commissioner's report on the question of interest: — 23 *Pick.* 167; 2 *Pars. on Cont.* 430; 1 *Am. Lead. Cas.* 522; 2 *Mass.* 576; 1 *N. H.* 179; 3 *N. H.* 40; 16 *Vt.* 46; 10 *Rich. Eq.* 582; 1 *Taylor*, 231; 4 *Ohio*, 373; 8 *Mo.* 41.

CHRISTIANCY J.:

A preliminary objection is urged by the appellants, that the bill is multifarious, inasmuch as it prays relief against Jesse Hoyt and Curtis Emerson, who are not parties to the contract. We see no ground for this objection. There is but one subject matter; and as by the bill it appears that Jesse Hoyt and Emerson had or claimed to have an interest in the property, obtained from Alfred M. Hoyt, the contractor, after the date of the contract, and with notice of complainant's rights, they would seem, upon the case made by the bill, to be necessary parties.

The merits of the case depend mainly upon the facts admitted by the pleadings, no proofs having been taken except upon the reference after the preliminary decree. The answer, being without oath, is but a pleading, and of no effect as mere evidence. So far as it admits the case made by the bill, as an admission in pleading it relieves the complainant from proof; so far as it denies the facts, or controverts the case made by the bill, it puts the complainant to his proof. But so far as it alleges any new matter of avoidance, or any fact the burden of proving which would naturally rest upon the defendants, it is of no effect without proof.

The making of the contract, the payment of the one hundred dollars at its date, and that of the instalment due August 1st, 1854, as set forth in the bill, are admitted by the answer, and these facts require no proof.

The offer to pay the balance of the purchase money by complainant after all the instalments had become due, and the demand of a deed before suit brought, are denied by the answer, and there being no proof on the subject, the case stands as if these facts had not been alleged in the bill. But we think these facts were not necesssary before the institution of the suit. It is sufficient that complainant, by his bill, offers to make payment and to perform the contract on his part: — *Stevenson v. Maxwell,* 2 *Comst.* 415. The failure to make the offer before the institution of the suit could only affect the question of costs, which are in the discretion of the Court; and if the defendants, by their answer, relied upon the want of such offer, and offered on their part to convey upon payment, doubtless the Court, in decreeing specific performance, would give costs to the defendants; but their answer relies upon other matter of defense, in no way connected with this, and entirely inconsistent with the idea that they would have accepted the money and performance if tendered at the time alleged.

The bill alleges full performance generally of the contract in all things except the payment of the three instalments due August, 1855, August, 1856, and August, 1857. The answer denies performance so far as regards the payment of taxes, and sets up that defendants paid large sums for such taxes, and denies that complainants improved the property as stipulated by the contract.

As to the question of improvements, the stipulation in the contract is so utterly indefinite (specifying neither the kind or extent)● that the intention of the parties can not be known, and it could furnish no definite basis for the estimation of damages for its breach; we must therefore treat it as immaterial to the present controversy.

As to the default in the payment of taxes, this stands upon the same basis, as respects the question of specific performance, as the default in the payment of the several

MORRIS v. HOYT.

instalments of the purchase money when due; and the offer of complainant in his bill of full payment and performance includes the taxes as well as the purchase money. In disposing, therefore, of the one we dispose of the other.

It is insisted by the counsel for the defendants, that time is of the essence of this contract, and that complainant, having failed to make the last three payments at the times agreed upon, has forfeited all his rights under the agreement.

We. do not think time was so far made of the essence of this contract that all the equitable rights of complainant became, *ipso facto*, forfeited, merely by his failure to pay at the times agreed upon, without anything done on the part of the vendor indicating an intention to insist upon such forfeiture; especially after the payment of a considerable portion of the purchase money. His neglect to take any step to forfeit the contract on this account should rather be construed as an acquiescence in the delay. And in this case we think the only mode by which the vendor could forfeit the purchaser's rights was by re-entry and taking possession of the premises, or some act equivalent thereto; this is the mode provided by the contract itself; and, by this portion of the agreement, the forfeiture seems to have been made dependent upon the re-entry. Until this or some equivalent act had been resorted to, the vendor, we think, could not forfeit the rights of the purchaser, so as to deprive him of the privilege of making payment and calling for a conveyance. The answer avers a re-entry or taking of possession after default, October 1st, 1855; but this was a part of defendants' case, and to be proved by them, and there is no proof on the subject.

The complainant is therefore entitled to a decree for specific performance on payment of the balance of purchase money, and the taxes, with the interest.

Exception was taken to the report so far as it allowed interest upon the several instalments of interest from the

time they respectively became due; and this exception was allowed by the Court:

We express no opinion here whether interest upon such instalments of interest could have been recovered by the vendor in a suit for damages, or on a bill for specific performance brought by him. But the complainant comes into Court, acknowledging his default in making these payments when due, and asks a specific performance on making the payments now. As he asks equity he must do equity, and put the vendor in the same condition as if the payments had been made when agreed. Had this interest been paid when due, it would have earned interest from that time. We think, therefore, the exception to the report was improperly allowed, and that interest must be computed on the several instalments of interest from the time they respectively became due.

Let a decree be entered in this Court thus far modifying the decree in the Court below, and giving complainant sixty days from the entry of this decree to make payment of the sum due the defendant Alfred M. Hoyt.

The appellants are entitled to their costs on the appeal.

The other Justices concurred.