| | |
|---|---|
| 94 | 259 |
| 108 | 104 |
| 94 | 259 |
| 114 | 389 |
| 94 | 259 |
| 127 | 468 |
| 94 | 259 |
| 150 | 558 |

# HELEN C. AHLBERG AND WILLIAM E. TILDEN v. THE GERMAN INSURANCE COMPANY.

*Fire insurance—Title to property—Knowledge of agent.*

Where insurance is written upon the oral application of the insured, who is not asked for any statement as to the title to the land on which the buildings stand, and makes none, the agent knowing that the land is held under a lease, the company cannot escape liability under a clause in the policy voiding it if the ground is not owned by the insured in fee, unless otherwise provided by agreement indorsed on the policy; citing *Hoose v. Insurance Co.*, 84 Mich. 309.

Error to Wayne. (Gartner, J.) Submitted on briefs December 2, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Howard & Roos,* for appellant.

*F. A. Baker* (*Walter Barlow,* of counsel), for plaintiffs.

LONG, J. This is an action upon an insurance policy. The cause was tried before a jury, and a verdict rendered under the direction of the court for the sum of $518.75 in favor of the plaintiffs.

It appears that the plaintiffs were doing a manufacturing business in the city of Detroit. They owned the building in which the business was carried on, but did not own the ground upon which it was situated, it being leased from the Michigan Central Railroad Company. On or about February 17, 1891, they applied to Parkinson & Bonninghausen, insurance agents ·in Detroit, with whom they had previously done business, for additional insurance. Mr. Bonninghausen, of that firm, went to the factory, examined the risk, and agreed to write more insurance. Instead of Parkinson & Bonninghausen writing all the additional insurance asked for in the companies of which they were agents, they applied to a Mr. Bierce, who was then the agent of the defendant company in Detroit, to write $500 of it, which he did that day, filling out a one-year policy in the defendant company in consideration of the premium of $23.75, the policy covering the building, engine house, and additions, as well as the machinery, stock, and materials, dry-kiln, and lumber therein.

The policy was the regular printed form, known as the "Michigan Standard Policy." There was no statement or indorsement of any kind or nature on the policy that the buildings insured were situated upon leased ground, and Mr. Bierce, the agent, did not know that fact. Mr. Bierce delivered the policy to Mr. Bonninghausen, who delivered

it to the plaintiffs.    Parkinson & Bonninghausen paid the premium to Bierce, and the plaintiffs repaid it to them.[1] It appears, further, that Parkinson & Bonninghausen knew that the property insured stood upon leased ground, for the reason that in December, 1889, they issued a policy for the Westchester Insurance Company upon this same property for one year, and that policy contained an indorsement to the effect that the building insured was situated upon lease ground, the lease having four years to run.

The policy in suit contained a clause, among others, as follows:

" This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee-simple."

It is contended by defendant's counsel that under the facts stated the policy became void under the foregoing stipulation contained in the policy, and that the court should have directed a verdict in favor of the defendant. We cannot agree with this contention.    The case falls directly within the principles applied in the case of *Hoose v. Insurance Co.*, 84 Mich. 309.    No written application was made for the policy by the plaintiffs, and no statement made as to the title of the ground upon which the buildings to be insured were situated, and in fact all the persons who solicited the insurance were advised of the true situation and title of the buildings and premises.

Judgment must be affirmed, with costs.

The other Justices concurred.

[1] Plaintiffs dealt entirely with Parkinson & Bonninghausen in effecting the insurance, and had no knowledge of the part taken by defendant's agent, Bierce, until after the fire.