WILLIAM HAMILTON v. THE DWELLING HOUSE INSURANCE COMPANY.

*Fire insurance—Land contract—Interest of vendor—Estoppel.*

1. The vendor in a land contract, under which the vendee has taken possession, has an insurable interest in a building on the land, and, if such interest is insured understandingly, the insurer is estopped from denying its liability.

2. Where the circumstances in' the light of which such a policy is to be construed do not justify the court in saying, as matter of law, that the defendant intended to insure such interest, and the testimony tends to show that the applicant informed the agent who wrote the policy that he "had a land contract · out," the question should be submitted to the jury.

3. The following propositions are summarized from the opinion of Mr. Justice HOOKER:

   a—The proposition that a vendee in · a land contract may be said to be the sole and unconditional owner of the land contracted is supported by the following cases: *Morris v. Hoyt,* 11 Mich. 9; *Converse v. Blumrich,* 14 Id. 109; *Insurance Co. v. Manufacturing Co.,* 31 Id. 357; *Insurance Co. v. Fogelman,* 35 Id. 481; *Dupreau v. Insurance Co.,* 76 Id. 615; *Hough v. Insur-*

98 535
f150 ¹558

*ance Co.*, 29 Conn. 10; and it would seem logically to follow that the vendor is not such owner.

*b*—The vendor in a land contract, under which the vendee has entered into possession, is not such an owner as will support the statement in the policy that the building insured is "*his* dwelling," under a clause voiding the policy if the interest of the assured be other than "sole and unconditional ownership."

Error to Genesee. (Newton, J.) Argued December 13, 1893. Decided January 26, 1894.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Hanchett, Stark & Hanchett,* for appellant.

*Durand & Carton,* for plaintiff.

HOOKER, J. Plaintiff, being the owner in fee-simple of lot 10, block B, a parcel of land in the city of Flint, contracted to sell the same to John W. Shearer by an instrument in writing dated June 16, 1888, for the sum of $400. Shearer took possession and made improvements, paid $75 of the contract price, besides interest, and occupied the premises at the time of a fire, which consumed the dwelling thereon. The plaintiff had previously contracted the premises to one Giles, who had procured insurance upon the building from defendant's agent, though in another company, which insurance was payable to the plaintiff as his interest might appear. This insurance being about to expire, Algoe, the agent, called upon Hamilton, the plaintiff, to see if he wanted to keep it insured. There was nothing to show that Algoe knew anything about the Shearer contract. Algoe testified that Hamilton told him that the property was his, that it had come back to him from Giles, and to insure it in his (Hamilton's) name. Hamilton testified that he thought that he told Algoe that he had a

contract out with some people, but they had not been in the place for a long time, and he thought that they had abandoned it, and he would have the policy made in his own name. The policy was dated October 20, 1890. One year's interest had been paid to him on June 18, 1890, and a like payment was made June 4, 1891, by Shearer, who was in possession all of the time after his purchase. The fire occurred October 19, 1891.

The policy was a Michigan standard policy, and contained the clause in relation to sole and unconditional ownership. This policy is in the form prescribed by the insurance policy commission under chapter 137, How. Stat.

The eighth and ninth assignments of error are based upon the refusal of the court to direct a verdict for the defendant, upon the ground that the policy was void *ab initio*, because plaintiff's interest in the premises was a conditional, and not a sole, ownership.

An elaborate and forcible argument is made by appellant's counsel, based upon the decision of this Court in the case of *Clay Fire & Marine Ins. Co. v. Manufacturing Co.*, 31 Mich. 346. In that case the insurance company was sued upon a policy issued to the plaintiff. The policy described the property insured as "their one-story frame salt block," etc. It also contained the following, viz.:

"If the assured is not the sole and unconditional owner of the property insured, or (if said property be a building or buildings) of the land on which such building or buildings stand, by a sole, unconditional, and entire ownership and title, and is not so expressed in the written portion of the policy, then, and in every such case, this policy shall be void."

The company defended upon the ground that when the policy was issued the plaintiff was not the entire, sole, and unconditional owner of the property insured; also that the interest of the plaintiff was not expressed in the written portion of the policy; whereby, it contended, the policy was

void *ab initio*. This was upon the claim that at the time the policy was issued the premises were occupied by a vendee, who was the equitable owner under a land contract from plaintiff, fully paid, and the plaintiff had no interest in the premises, except that of trustee of the naked legal title. Proof of these facts being excluded, the case was reversed by this Court, which held that the clause describing the property conveyed no other idea than that of complete ownership by the assured, by a sole, unconditional, and entire ownership and title; that the proof offered would have shown Babcock (the vendee) to have had such a title as would have warranted a statement in the policy that the property belonged to him; and that the plaintiff could not be said to hold by a sole, unconditional, and entire ownership and title when another had so complete a right and interest that he might be rightly considered the owner. The opinion adds: "The point appears too clear to justify elaborate discussion." It is further said that each could not have an absolute interest held by a sole, unconditional, and entire ownership and title.

Counsel contend that this case lays down the doctrine that a vendee under a land contract may, under a policy similar to the Michigan standard policy, safely permit himself to be described as owner, so long as he makes no misrepresentations concerning the condition of the legal title or of his interest. They strengthen their position by reference to several authorities which support the proposition that a vendee in a land contract may be said to be the sole and unconditional owner of the property contracted. *Morris v. Hoyt*, 11 Mich. 9, 19; *Converse v. Blumrich*, 14 Id. 109; *Clay Fire & Marine Ins. Co. v. Manufacturing Co.*, 31 Id. 357; *Farmers' Fire Ins. Co. v. Fogelman*, 35 Id. 481; *Dupreau v. Insurance Co.*, 76 Id. 615; *Hough v. Insurance Co.*, 29 Conn. 10.

In *Farmers' Fire Ins. Co. v. Fogelman*, 35 Mich. 481, it

was held that a vendee had such an interest, though the contract was only in part performed by him, as would support a policy issued to him upon the express represen- tation that he was owner. He made no misrepresentation as to the condition of the title, and the agent did not inquire. The Court said that—

" He was owner by equitable title, and the risk of des- truction was his risk. Nobody was under obligation to rebuild for him, and he could protect himself only by insurance."

It does not appear whether the clause involved here was a part of the policy or not. But in *Dupreau v. Insurance Co.*, 76 Mich. 615, the case arose upon the Michigan stand- ard policy, which does contain it. The case was in other respects similar to the Fogelman case, and the Court said:

" He was in actual possession at the time of taking the policy, and equitably the owner in fee; and we think he may be said at that time to have been the entire, uncon- ditional, and sole· owner, within the meaning of the terms of the policy."

We may therefore agree with counsel that a vendee is, by these decisions, an owner under this clause, though the vendor may hold the legal title to insure performance of the contract. And it would seem logically to follow that the vendor is not such owner, and our attention is not called to any case where the vendor has been held to be such.

There are, however, two decisions cited by counsel for plaintiff which should be discussed in connection with this case. The first is the case of *Hoose v. Insurance Co.*, 84 Mich. 309. Margaret Hoose, the owner, conveyed the land by deed to one Morgan, to secure $2,000, taking back a contract whereby he agreed to reconvey on payment of that sum with interest. Two years later she insured it as her property. Subsequently she surrendered her contract

to Morgan, who at the same time executed a similar one to her daughter, Maggie Hoose, who thereupon took an assignment of the policy of insurance from her mother, with the consent of the agent of the company. · It was claimed by the company that the policy was void because Margaret Hoose was not the sole and unconditional owner of the building at the time she procured the insurance. The policy read as follows, viz..

"Insure Mrs. Margaret Hoose to the amount of * * * one thousand dollars on the two-story frame building," etc.

The Court held that, in construing the clause referred to, the whole policy should be taken together; that the object sought by the assured was to obtain indemnity against loss of her interest; that if the company, which made the policy upon a verbal application, desired to know what interest it was insuring, *it should have stated it in that part of the policy pertaining to the risk;* that it was the intention of the parties to issue a valid and binding contract of insurance, valid and binding from the time of acceptance of the same by the assured. The Court further said that,—

"To give any reasonable force and effect to this clause of the policy, it can only be held to apply to such changes as arise after the policy has been delivered and accepted, in the ownership of the property, * * * and it does not apply to an existing state or condition of the property at the time the policy was issued. It looks to the future for protection of the insurer, and not to the present, *only in so far as the preceding portion of the policy is violated by a misstatement* or concealment of any fact material to the risk."

The Court remark upon the fact that the policy was issued without stating therein what her interest was, and hold that under the policy, construed with the proofs in the case, the defendant must have understood the condition of the title, and intended to insure *whatever interest*

*Mrs. Hoose had.* It may be suggested in passing that Mrs. Hoose was at the time of insuring either a mortgagor or a vendee under the land contract, and, in either event, under the decisions hereinbefore cited, might have been held to be the owner of the premises.

The other case referred to is *Hall v. Insurance Co.,* 93 Mich. 184. The policy was issued to J. C. Hough "on his two-story frame dwelling." It was a Michigan standard policy, made upon an oral application. At the time it was issued, Hough held as purchaser under a land contract, the price being partly paid. Soon after, Hough contracted in writing to sell the building insured, with a part of the premises upon which it stood, to Stevens, giving him possession. Still later, Hough assigned his interest in the original contract, and the policy, to Hall, and the agent of the company assented to the indorsement that the policy should be payable to Hall. In July, 1890, a few months after the assignment mentioned, Stevens was given notice to quit the premises, and that the contract had been declared void; and the Court find that Stevens' contract was void, and that he was a tenant holding over without permission. So that in this case, like the other, the plaintiff's assignor was, not only when the policy was issued, but at the time of the assignment, a vendee under a land contract, who, as the Court expressly state (page 189), had such an interest in the property insured as would support the recitation in the policy that it covered "his two-story frame dwelling." This clearly was within the rule of the cases cited.

The differences between the Hoose case and the present one are: (1) That in the former the premises were described as "the dwelling;" in this case, "his dwelling." (2) That in the Hoose case the policy issued. to the owner, *i. e.,* the mortgagor or vendee, while in this case it issued to the vendor in an existing contract of sale. The Hall case

differs from this in the latter particular only. It follows that the Hall case differs from the Hoose case in the first particular. The Hoose case, then, has not gone so far as to hold that the clause in question must necessarily have the construction given in all cases, but only where the circumstances show that the parties mutually intended to *insure the interest of the applicant, whatever it might be;* and, if the Hall case seems to go further, it is upon the authority of the Hoose case, which was supposed to involve "precisely the same question." But we think the Hall case does not go to the extent contended for here, for it lays stress upon the fact that the assured had such an insurable interest as warranted the statement that it was his dwelling.

By the express terms of this policy the company undertook to insure, not "the dwelling," but "his dwelling." At the time it was issued the plaintiff was not such owner as would support the statement that it was his, under a policy that was to be void if he was not the sole and unconditional owner. The circumstances in the light of which the policy was to be construed do not justify us in saying that it was the intention of the insurer to insure *such interest as the applicant might have.* Under such a clause an insurer would have a right to understand that it was insuring the one who was the owner, not of an interest of some sort or other, such as that of a mortgagee, but of the sole and unconditional title; and in such case it is a reasonable construction to say that the clause in question would refer to the *existing* condition of the title, and not alone to subsequent changes. But under the proofs it was a question for the jury to determine whether the agent of the company insured the property understanding that the plaintiff "had a land contract out," as testified by him. There is no reason why his interest was not insurable, and

if it was done understandingly by the company it is estopped from denying its liability, under the settled law, of this State.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.