NORTH BRITISH & MERCANTILE INSURANCE CO. v. JOT GUNTER ET AL.

No. 1038.

**1. Fire Insurance Policy—Transfer of Property—Waiver of Forfeiture by Subsequent Assent.**

Where a fire insurance policy has become void by reason of a transfer of the property, the forefeiture is waived and the policy is restored to effect upon the company's giving to a remote grantee of the insured consent to transfer of the policy, although it had knowledge merely that the title had vested in such grantee, but did not know of the intermediate conveyances; and it is immaterial

that the consent is in terms to the transfer of the interest of the insured in the policy.

**2.  Same—Consideration for Transfer of Policy.**

Where the time for which the premium that has been paid on a policy has not expired when consent to transfer of the policy is given, this is a sufficient consideration for the company's consent to the transfer, although it might have then insisted on a forfeiture of the policy.

**3.  Judgment Lien—Evidence—Abstract of Judgment.**

In order to show a lien, there must be proof of an existing judgment, and this cannot be shown by the introduction in evidence of only an abstract of judgment.

APPEAL from Dallas.   Tried below before Hon. EDWARD GRAY.

*Morgan & Thompson,* for appellant.—1.   Consent to the transfer of an interest in a contract, after it has been avoided, will not reinstate the contract, where the consenting party was kept in ignorance of the facts constituting the avoidance, and there can be no waiver without full knowledge of the rights to be waived.   Insurance Co. v. Flournoy, 84 Texas, 635; Insurance Co. v. Willis, 70 Texas, 17; Insurance Co. v. Doll, 35 Md., 89, and cases cited; Boynton v. Braley, 54 Vt., 90; Taylor v. Insurance Co., 51 N. H., 50; Donahue v. Insurance Co., 56 Vt., 374; Findeisen v. Insurance Co., 57 Vt., 520; Bennecke v. Insurance Co., 105 U. S., 355; Insurance Co. v. Wolff, 95 U. S., 326; Taylor v. Insurance Co., 51 Vt., 50; Insurance Co. v. Allen, 19 S. W. Rep., 743; Reed v. Windsor, 54 Vt., 413; Eastman v. Carroll, 45 Me., 307; Merrill v. Farmers, 48 Me., 285; McClusky v. Providence, 126 Mass., 306; Cumberland v. Mitchell, 48 Pa., 374; Insurance Co. v. Waters, 30 S. W. Rep., 576.

2.   The filing, recording and indexing of the abstract of judgment created a valid lien on the real estate of the appellee, Jot Gunter, located in the county of Dallas, and was proper evidence and should have been admitted.   Rev. Stats., arts. 3155-3159; Burnett v. Cockshatt, 2 Texas App., 304; Willis v. Smith, 66 Texas, 43; Foltz v. Ferguson, 77 Texas, 307.

*Coke & Coke,* for appellees.—1.   The filing, recording and indexing of the alleged abstract of judgment did not create a lien on the property insured and was properly excluded by the court.   Rev. Stats., arts. 3155, et seq.; Anthony v. Taylor, 68 Texas, 405; Rushing v. Willis, 28 S. W. Rep., 921, and cases cited; Gin Co. v. Oliver, 78 Texas, 173; Pierce v. Wimberly, 78 Texas, 187.

2.   It does not appear and was not attempted to be proved, except by said abstract, that there existed any judgment against said Gunter, and a judgment could not be proven by an abstract.   Rev. Stats., arts. 2252, 3159; Underhill on Evidence, 218, et seq.

3.   The assignment of a policy of insurance with the consent of the insurer to the purchaser of the insured property is the creation of a new contract between such purchaser and insurer, and correctly and ac-

curately speaking is not an assignment at all, and breaches of the policy before the assignment thereof do not affect such new contract created by such assignment. 2 May on Insurance, secs. 378, 378a; 1 Wood on Insurance, sec. 110; 2 Wood on Insurance, sec. 514; Ellis v. Insurance Co., 32 Fed. Rep., 646; Insurance Co. v. Muns, 22 N. E. Rep., 78; S. C.; 120 Ind., 30; City Fire Ins. Co. v. Marks, 45 Ill., 482; Shearman v. Insurance Co., 7 Am. Rep., 380; Ellis v. Insurance Co., 20 N. W. Rep., 784; Ellis v. Insurance Co., 27 N. W. Rep., 763; Hall v. Insurance Co., 53 N. W. Rep., 728; Wolfe v. Insurance Co., 39 N. Y., 49; Benninghoff v. Insurance Co., 93 N. Y., 495.

RAINEY, ASSOCIATE JUSTICE.—There is no objection raised to the findings of fact of the court below, and the same are adopted by this court.

*Opinion.* –The appellant, defendant below, denied liability, claiming the insurance policy had been forfeited by reason of the following acts, to-wit: 1. By conveyance of the title of the property by H. L. McGregor to E. M. Heath, on July 25, 1891. 2. By notice of sale within the knowledge of the insured, given by J. M. McCormick as trustee, under and by virtue of a mortgage or deed of trust on the property, at the request of the Security Mortgage and Trust Company, without the knowledge or consent of the appellant. 3. By conveyance of the property by J. M. McCormick, as trustee, under the trust deed, on December 2, 1891, to Security Mortgage and Trust Company. 4. By a judgment lien on the property against Jot Gunter for $2998.63. 5. Want of consideration for the consent to transfers of the property.

While appellant admitted that the facts stated in the first, second, and third grounds of avoidance did in fact exist at the time the appellant consented to the transfer of the policy to appellee Gunter, and that appellant was not aware thereof, they contend that by reason of appellant's consenting to the transfer of the policy by McGregor to Gunter, who was the purchaser of the title, it thereby created a new contract of insurance between Gunter and the appellant, which was not affected by any former breaches of the policy.

There is some conflict of authority on this question, but we are of opinion that the weight of authority supports the affirmative of the proposition, which accords with our idea of the justness thereof. Especially do we believe that such a rule should prevail in this case. When appellant consented to the transfer of the policy, knowledge was brought home to it that the title of the property had vested in Gunter. It knew thereby that the title had passed out of McGregor, which was the basis for a forfeiture. It knew that the policy was of no force, and knowing this, it seems to us it is immaterial that it did not know exactly the mutations the title had undergone in reaching Gunter. Knowing that the policy was of no effect, and having reason to believe that Gunter would rely for insurance on the policy, the appellant is in no attitude to now

say that it is not responsible on said policy for loss. There was no fraud practiced on the company in securing the transfer, and it would be a manifest injustice for it to escape liability under the circumstances.

On this proposition, the language of Chief Justice Church, in Shannan v. Insurance Co., 46 N. Y., 526, is in point, viz.: "It is objected that the agent was not informed at the time of the transfer, nor that the renewal was subsequent to the transfer, but this is not material. It is enough that the plaintiff requested that he should be substituted as the insured, on the ground that the property had been transferred to him, and the company consented to it. It is of no importance whether his conveyance was recent or remote, nor whether they knew that the policy was void at the time of the renewal by reason of the transfer before that time. They might have insisted upon the forfeiture, if they so elected, at whatever time it was made. They knew that the policy was void when the request was made, and they chose to revive it, and thereby consented to insure the property in the hands of the plaintiff as effectually as if they had given a new policy to him. The retention of the premium received on the renewal was a good consideration for this agreement. No other construction can be given to the transaction. The condition requiring consent is important to underwriters, to enable them to determine the character and standing of the insured; and when they agree to a transfer of a policy to a particular person, knowing that he owns the subject insured, the whole purpose of the provision is complied with, and they have no interest to know how or why he acquired it." To the same effect see Ellis v. Insurance Co., 32 Fed. Rep., 646; 2 May on Insurance, secs. 378, 378a.

The appellant in support of its contention, that the policy was forfeited, and therefore it was not liable, relies, among others, upon the case of Fire Association v. Flournoy, 84 Texas, 632. While there is language used in the opinion in that case which seems to be in harmony with appellant's position, in discussing this doctrine, we think the court misconstrued the cases holding a contrary doctrine. It said: "Ellis v. Insurance Co., 32 Fed. Rep., 646, and other cases that hold that such consent to the transfer of the policy creates a new obligation with the insurance company when there has been a previous forfeiture, rest upon the ground that the assignee was ignorant of the forfeiture, or the facts from which the forfeiture resulted."

We do not concur that those decisions rest upon such a ground as stated by the court, but that they rest upon the principle that if the insurance company knows when it consents to the transfer of the policy that the transferee owns the subject insured, the whole purpose of the provision as to the ownership is complied with, "and it has no interest to know how or why he acquired it." The case of Fire Association v. Flournoy, supra, was correctly decided. The facts were that the title to the property had been conveyed, of which the company had no notice at the time the transfer was made.

The facts in the case under consideration are quite different. Here

the company did have notice that the insured had parted with his title. The authorities make a distinction where the assured retains the title to the property and transfers the policy, and where the title is conveyed and the assured transfers the policy to the purchaser. In the first, no new contract is created by the transfer, as the right to recover depends upon the interest the original assured had in the property at the time of the loss, and having parted with his title, he would have no interest, and the insurer would not be liable unless the breach had been waived. But in the latter, we think a new contract is entered into, and former breaches can not affect the contract, unless there has been fraud practiced in the transaction. 2 May on Ins., sec. 378; also, see 1 May on Ins., secs. 6 and 72.

It is insisted by appellant that by the terms of its consent to the transfer of the policy to Gunter endorsed on the policy, its consent was given to the transfer of McGregor's interest in the policy, and as he had conveyed the property, his interest had ceased and nothing was conveyed by the transfer. This contention is not tenable. The company knew McGregor had no interest in the property, and that the insurance was of no force or effect. Under these circumstances it would have been an idle ceremony to have given its consent to the transfer of a thing that was of no value whatever. When the transaction is considered in all its bearings, we can but conclude that the transfer rehabilitated the policy, free from vice, and vested in Gunter a right to recover for loss.

Appellant also insists that there was no consideration for the transfer. In this we do not concur. The time for which the premium had been paid had not expired; by the transfer Gunter was led to believe that his property was insured, and the assured had received payment for a vacancy clause. This, we think, constitutes sufficient consideration to support the transfer. Ellis v. Insurance Co., 32 Fed. Rep., 646.

There was no lien created by the filing of the abstract of judgment against Gunter. It was contradictory on its face, as from it one could not tell whether the judgment was in favor of the City National Bank or the First National Bank, and there was no proper index of the judgment, if indeed, the judgment was in favor of the First National Bank. Anthony v. Taylor, 68 Texas, 405; Rushing v. Willis, 28 S. W. Rep., 921, and cases cited; Gin Co. v. Oliver, 78 Texas, 175. Besides, in order to show a lien, there must be proof of an existing judgment, and this cannot be shown by the introduction only of an abstract of judgment.

The judgment is affirmed.

*Affirmed.*

Delivered February 8, 1896.

Writ of error refused.