## CHRISTINA RINES v. GERMAN INSURANCE COMPANY OF FREEPORT.

November 14, 1899.

Nos. 11,782—(55).

### Fire Insurance Policy—Assignment.

*Held*, an indorsement on the back of a fire insurance policy, assigning "the interest of" the insured "as owner of property covered by this policy," sufficiently shows an intention to assign his interest in the policy.

### Assignment to Husband of Owner—Consent of Insurer.

The owner of a lot and building conveyed the premises to plaintiff, and at the same time, by mistake, assigned to plaintiff's husband the insurance policy on the building, to which the insurer consented. Subsequently, and before the fire, the husband assigned the policy to plaintiff, to which the insurer consented. *Held*, conceding that the policy was void while so held by the husband, the latter assignment and the insurer's consent to the same validated the policy, and plaintiff is entitled to recover.

### Proof of Loss—Meaning of "Forthwith."

The policy provided that, in case of loss, the insured should forthwith render to the insurer proofs of loss. Such proofs were not rendered until 18 days after the fire. *Held*, under all the circumstances, the proofs were rendered in time.

Action in the district court for Mille Lacs county to recover $400 on a fire insurance policy. The case was tried before Baxter, J., who found in favor of plaintiff; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman*, for appellant.

*Chas. Keith*, for respondent.

CANTY, J.[1]

This is an action on a fire insurance policy to recover for a loss. On the trial before the court without a jury the court found for plaintiff, and defendant appeals from an order denying a new trial. But three points are raised.

At the time the policy was issued, one Braton owned the insured building and the lot on which the same was situated, and the policy was issued to him. Thereafter on February 19, 1897, he conveyed

[1] MITCHELL, J., absent.

the premises to plaintiff, and at the same time, by mistake, transferred the insurance policy to her husband by an indorsement on the same in the following form:

"The interest of Robert Braton as owner of property covered by this policy is hereby assigned to Aug. Rines, subject to the consent of the German Insurance Company of Freeport, Ill.

Robert Braton."

The written consent of the defendant to this transfer was indorsed on the policy March 4. Thereafter her husband, on March 15, 1897, transferred the policy to plaintiff by an indorsement as follows:

"The interest of Aulger Rines as owner of property covered by this policy is hereby assigned to Christina Rines subject to the consent of the German Insurance Company of Freeport. Ill.

Aulger Rines."

On March 25, 1897, defendant indorsed its consent on the policy in the following form:

"The German Insurance Co. of Freeport, Ill., hereby consents that the interest of Aulger Rines as owner of the property covered by this policy be assigned to Christina Rines.

Wm. Trembor, Secy."

The loss occurred afterwards, in June, 1897.

1. We are of the opinion that each of the two indorsements first above quoted shows an intention to transfer to the person named therein the insurance policy. See North British v. Gunter, 12 Tex. Civ. App. 598, 35 S. W. 715.

2. Appellant further contends that, as the policy was void in the hands of Aulger Rines, he had nothing to assign, and could, therefore, transfer nothing to plaintiff. We cannot so hold. By consenting to the transfer of the policy to plaintiff, the defendant waived the illegality, and validated the policy. North British v. Gunter, supra; Shearman v. Niagara, 46 N. Y. 526; Ellis v. Insurance Co. of North America (C. C.) 32 Fed. 646.

3. The policy provides:

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith

rendered to the company, setting forth the value of the property insured, except in case of total loss on buildings the value of said buildings need not be stated, the interest of the insured therein, all other insurance therein in detail, the purposes for which and the persons by whom the building insured or containing the property insured was used, and the time at which and the manner in which the fire originated, so far as known to the insured."

In this case the proofs of loss were mailed to the defendant 18 days and received by it 21 days after the fire, and it is contended that the proofs were not furnished in time, and that, therefore, the policy is void, and plaintiff cannot recover. We cannot so hold. "Forthwith" means "with due diligence under the circumstances of the case, and without unnecessary or unreasonable delay." 2 May, Ins. § 462. There are cases holding that notice of loss given within less time than 18 days after the fire is not given "forthwith." Id. But a notice of loss is a simple matter, while such a proof of loss as is required by the above-quoted provision of the policy is not. It may take considerable time to prepare such a proof of loss, and may require the services of an attorney, or some one skilled in the business. Under these circumstances we cannot hold that 18 days after the fire is an unreasonable time in which to render the same.

Order affirmed.