150    555
f155    566

QUACKENBUSH *v.* CITIZENS' INSURANCE CO. OF MISSOURI.

1. FIRE INSURANCE — POLICY — REFORMATION — MISNOMER OF INSURED.

A married woman, being the equitable owner of land under a land contract, made a verbal application for insurance on the buildings thereon, disclosing her interest and that of her vendor, and a policy was issued in the name of her husband, "loss if any payable to" the vendor "as his contract interest may appear." A loss occurring, and the state of the title appearing, the insurer refused to pay on the ground that it had insured only against the husband's loss and the vendor's as to such interest as he might show therein. On a bill by the wife to reform the policy and to compel payment of the loss, *held,* that a decree granting relief as to the vendor would not be disturbed on the defendant's appeal.

2. SAME—INSURABLE INTEREST—VENDOR.

A vendor of land, holding the legal title, has an insurable interest in the buildings thereon.

Appeal from Bay; Collins, J. Submitted November 12, 1907. (Docket No. 154.) Decided December 30, 1907.

Bill by Mary H. Quackenbush and Joseph P. Haffey, administrator of the estate of Nelson Gonyaw, deceased, against the Citizens' Insurance Company of Missouri to reform the terms of a policy of insurance, and to compel its payment. From the decree rendered, defendant appeals. Affirmed.

*Porter & Haffey,* for complainants.

*Weadock & Duffy,* for defendant.

MOORE, J. In January, 1905, verbal application was made to the agent of defendant, for insurance. Two policies were made out, dated and issued on the same day, one

for $200 on the store building, the other for $450 on the dwelling house, and $350 on the household furniture therein. They were to run three years. A premium of $15.10 was paid therefor on the part of complainant Mary H. Quackenbush, no part of which has at any time been refunded by defendant, nor has there been any offer so to do on defendant's part.

The title to the land on which the building stood was in Nelson Gonyaw, who obtained it by deed from Elizabeth Delill in 1904, who at the same time assigned to him her interest in a land contract to the same premises made between herself and complainant Mary H. Quackenbush a few months before. There had been paid on the contract the sum of $181, and there remained to be paid the sum of $696.60.

The deed contained this clause:

"This deed is given subject to a land contract, dated November 12th, 1903, given by said Elizabeth Delill to Mary H. Quackenbush."

Each of the policies contained the clause, "Loss if any, payable to Nelson Gonyaw as his contract interest may appear." The land contract provided that the party of the second part therein should keep the buildings upon the lands contracted for "insured against loss and damage by fire, by insurers, and in amounts approved by the said party of the first part, and assign the policy and certificates thereof to the said party of the first part." The insured premises were in possession of and occupied by the complainant Mary H. Quackenbush and her family, and it was known to defendant that Nelson Gonyaw had an interest therein.

Subsequent to said loss Nelson Gonyaw died. Joseph P. Haffey was appointed administrator of his estate, and as administrator represents the interest of the estate in the insurance. It was claimed on the part of complainant Mary H. Quackenbush that her interest in the insured premises was correctly stated to the agent of defendant,

and that her name should be substituted in the policies in the place of that of her husband, George Quackenbush, whose name was inserted in the policies, and that the policies should be reformed accordingly. In a general way the court found against this contention. It was further insisted that the interest of the estate of Nelson Gonyaw in the insurance on the buildings was valid, and should be enforced. The court found in favor of this latter contention and decreed that the defendant pay to said Joseph P. Haffey, as administrator aforesaid, the loss occasioned to said buildings by the fire. From this finding and decree defendant appeals. Complainant Quackenbush did not appeal.

It is the contention of defendant that it made no contract with Mary H. Quackenbush. We quote from the brief:

"By the decree of the circuit court it is decided that defendant made no contract with Mary H. Quackenbush, but because it did make a contract with George Quackenbush and provided therein that in case of loss to him, such loss should be paid to Nelson Gonyaw as his contract interest might appear and the fire occurred which resulted in no loss to George Quackenbush, the defendant must pay Nelson Gonyaw with whom it had no contract and with whom George Quackenbush had no contract, the amount owing to him by Mary H. Quackenbush with whom the defendant company had no contract. Such a result is impossible and the decree so finding should be reversed."

We do not think this can be said to be an accurate statement of the situation. The parties are in dispute as to whether the policy was intended to be made in the name of Mary H. Quackenbush or of the husband. As she has not appealed that question cannot be re-opened here. The parties are not, however, in dispute about the intention to protect the insurable interest of Nelson Gonyaw. They are all agreed it was to be protected. The land contract provided for insurance for his benefit. The agent knew he had an insurable interest. The policies

read: "Loss, if any, payable to Nelson Gonyaw as his contract interest may appear." Knowing the interest of Mr. Gonyaw, the defendant provided insurance for his benefit. It accepted the premium. It retained it and has it yet.

Mr. Gonyaw, as the owner of the record title, had an insurable interest. *Hamilton* v. *Insurance Co.*, 98 Mich. 535 (22 L. R. A. 527). The agent could have learned just what that interest was. Whatever it was he undertook to insure, and was paid for doing so. See *Hoose* v. *Insurance Co.*, 84 Mich. 309 (11 L. R. A. 340); *Ahlberg* v. *Insurance Co.*, 94 Mich. 259.

The decree is affirmed, with costs.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.