## OLAF S. BURMAN v. CALIFORNIA INSURANCE COMPANY.[1]

April 15, 1932.

No. 28,716.

*Boutelle, Bowen & Flanagan* and *Herbert W. Rogers,* for appellant.

*Edward Chalgren,* for respondent.

[1]Reported in 242 N. W. 387.

LORING, J.

In a suit upon a fire insurance policy the plaintiff had findings of fact and conclusions of law in his favor. The court denied the defendant's motion for new trial, and it has appealed.

August 20, 1923, A. E. Smith secured from the defendant insurance to the amount of $4,000 on his cottage on a five-acre tract of land in rural Hennepin county. He also secured $2,000 of insurance on the household goods, furniture, and wearing apparel in the cottage, and $100 on the garage building on the same premises. November 15, 1924, while the insurance was still in effect, Smith sold the premises in question to the plaintiff, Burman, and gave to Irene J. Baldwin part of the household goods and furniture then in the dwelling. On this appeal the insurance on the household goods is not directly involved.

Between November 15 and November 20, 1924, Burman mortgaged the land to Martin Christianson, as guardian of Leslie Christianson, a minor, for the sum of $2,000. November 20, 1924, Burman contracted with Irene Baldwin to convey the premises to her upon the payment of $7,000, part of which consideration was by assumption of the Christianson mortgage and part was to be by monthly instalments. Under Irene's contract for deed she agreed to keep the premises insured for the benefit of the vendor.

November 26, 1924, Smith assigned the insurance in blank and turned the policy over to A. J. Baldwin, the husband of Irene, who inserted his own name in the assignment as assignee. The defendant, being unaware that Irene was the vendee in the contract for deed, consented to the assignment to her husband. A mortgage clause was attached to the policy providing for the payment of loss to the mortgagee, Christianson, as interest might appear. February 6, 1925, a second mortgage clause was attached to the policy, making the loss, if any, payable:

"First, to Martin Christianson as guardian of Leslie Christianson minor mortgagee; second, to Olaf S. Burman title owner (item #1 & #3); third, to A. J. Baldwin, purchaser, under contract for deed, as his, her, its or their interest may appear."

June 5, 1925, the dwelling house and its contents were totally destroyed by fire. July 11, 1925, A. J. Baldwin presented proofs of loss, claiming that the property had been sold and the policy assigned to him, and that the actual loss aggregated $5,150, of which sum $3,900 was apportioned to the dwelling house and $1,250 to the household goods. This proof of loss was not only erroneous in stating that the property had been sold to the husband, but was false and fraudulent as to the amount of the household goods destroyed in the fire. Upon discovering the identity of the true vendee and the falsity of the husband's representations as to the amount of household goods destroyed, the defendant denied all liability under its policy except to the mortgagee.

October 16, 1925, Burman canceled the contract for deed for default in payments exceeding the amount of insurance which he claims. November 30, 1926, defendant paid the Christianson mortgage and took an assignment thereof. Separate actions were brought by Irene J. Baldwin and by Olaf S. Burman to recover under the policy. As against Irene the defendant set up fraud and misrepresentation of the value of the personal property by A. J. Baldwin in the proof of loss. These actions were consolidated by the court, which after trial without a jury found in favor of the defendant in the Baldwin case and in favor of the plaintiff in the Burman case, decreeing that the plaintiff Burman recover $1,939.02 with interest, as well as requiring the satisfaction of the $2,000 mortgage, which with interest made up the difference between the sum found for Burman and $4,000, the amount of the valued insurance upon the cottage.

The defendant contends that Burman's interest under the policy was and is solely and merely that of an appointee, with no greater right of recovery as against the defendant than has either A. J. Baldwin or Irene. It further contends that even if plaintiff should be held to be in effect a mortgagee, he is not entitled to recover because he has canceled the contract for deed and has destroyed any right of subrogation that defendant might have to plaintiff's rights as against Irene Baldwin. It also contends that the policy

was void as to both of the Baldwins before Burman's interest therein had attached, and that for that reason plaintiff may not recover.

The only case in the books to which our attention has been directed which determines the questions presented by the defendant here is that of Quackenbush v. Citizens Ins. Co. 150 Mich. 555, 114 N. W. 388, 389. In that case Gonyaw acquired premises by purchase which were under contract to Mary H. Quackenbush. The policies which covered the buildings upon these premises were indorsed, "Loss, if any, payable to Nelson Gonyaw as his contract interest may appear." The contract with Mary H. Quackenbush required her to keep the premises insured and to assign the policies to the title owner. Through some error the policies named her husband, George Quackenbush, as the insured. Mary contended that she had properly informed the insurance agent of the state of the title, but the trial court found against her on this contention, although it found that the interest of Gonyaw in the insurance on the building was valid and should be enforced. We have then in that case one which is practically parallel to the case at bar except for the mortgage to Christianson. In that case the trial court found against Quackenbush and in favor of Gonyaw, just as the trial court did in the case at bar. It was there contended by the insurance company that it made no contract with Mary H. Quackenbush and that Gonyaw could not recover because there was no loss to George Quackenbush, the named insured, with whom Gonyaw had no contract. The court said [150 Mich. 557]:

"We do not think this can be said to be an accurate statement of the situation. The parties are in dispute as to whether the policy was intended to be made in the name of Mary H. Quackenbush or of the husband. As she has not appealed that question cannot be reopened here. The parties are not, however, in dispute about the intention to protect the insurable interest of Nelson Gonyaw. They are all agreed it was to be protected. The land contract provided for insurance for his benefit. The agent knew he had an insurable interest. The policies read: 'Loss, if any, payable to Nelson Gonyaw as his contract interest may appear.' Knowing the interest

of Mr. Gonyaw, the defendant provided insurance for his benefit. It accepted the premium. It retained it and has it yet. Mr. Gonyaw, as the owner of the record title, had an insurable interest. Hamilton v. Insurance Co. 98 Mich. 535, 57 N. W. 735, 22 L. R. A. 527. The agent could have learned just what that interest was. Whatever it was he undertook to insure, and was paid for doing so. See Hoose v. Insurance Co. 84 Mich. 309, 47 N. W. 587, 11 L. R. A. 340; Ahlberg v. Insurance Co. 94 Mich. 259, 53 N. W. 1102."

It is quite apparent that in the case at bar all parties intended to protect the insurable interest of Burman. The contract for deed with Irene provided that his interest should be protected; the agent who attached the indorsement of February 6 knew that Burman had an insurable interest and intended to protect it. Having accepted the premium for the period covering the loss, it retained it and kept the insurance in force with knowledge of Burman's rights and interest. Nor do we think that Burman's action in canceling the contract for deed long after the insurance money should have been paid prevents him from recovering. The insurance company could under no circumstances have a right to subrogation as to his claims against Irene, unless it offered to pay the entire balance due from her to Burman. London & N. W. Am. Mtg. Co. v. Fitzgerald, 55 Minn. 71, 56 N. W. 464. That it never did. It would be equally inequitable to permit the insurance company to enforce a right of subrogation as to the Christianson mortgage, for in effect that would be compelling Burman to reimburse the insurance company for a part of the loss which he had suffered by the destruction of the building. Had the insurance company seasonably offered to pay Burman the entire balance which Irene owed to Burman, the situation would present a different question.

The insurance company, in order to maintain its position that Irene Baldwin had been guilty of fraud, set up in her action against it the fraud of A. J. Baldwin in misrepresenting the value of the personal property lost in the fire. It claims his acts in making the misrepresentations are binding upon her. Consequently it is hardly in a position to assert the defense that the policy was void because

it ran to A. J. Baldwin instead of to Irene. Furthermore, the fraud which was set up related solely to the personal property, in which Burman had no insurable interest and which was specifically excluded from the indorsement in his favor. That plaintiff may not have been protected from November until February 6 does not require a holding that the policy was void as to him thereafter. Rines v. German Ins. Co. 78 Minn. 46, 80 N. W. 839.

We are of the opinion that the learned trial court was correct in its findings and conclusions and that the order appealed from should be affirmed.