ing house, the defense to which was that, at the time of effecting the insurance, plaintiff had no title or insurable interest in the property. [Judgment for plaintiff.] The case was tried before the judge without the intervention of a jury. The facts of the case are as follows: The property formerly belonged to Sarah McCrate. She died leaving a will, in which Richard H. Tucker was named executor, and who also was constituted trustee, to whom this property was devised in trust. The will likewise contained the following clause: "And I hereby authorize and empower the said Richard H. Tucker, the trustee before named, to appoint a trustee to be substituted for him in case he, the said Tucker, should from any cause be unable to act as such, and also to name a suitable person to succeed him as trustee after his decease; which appointment of a substitute or successor is to be made by the said Tucker in writing, and such .substitute or successor shall have the same powers and authority as the present trustee; or if said appointment of a new trustee shall not, from accident or otherwise, be made by the present trustee, or his successor, then the then judge of probate for the county of Lincoln shall appoint one in case of a vacancy as provided by law." Tucker, the trustee, declined both trusts, in a writing addressed to the judge of probate, in the following words, viz.: "I decline both trusts, and recommend the Hon. John Babson as the most proper and suitable person for the acceptance of the above trust, in my place and stead." Thereupon the judge of probate passed a decree in substance as follows: "And the said Richard H. Tucker having in writing declined the trust reposed in him by virtue of said instrument, (the will,) ordered, that John Babson be administrator with the will annexed, first giving bond, with sureties," etc. A bond was furnished, in addition to one as administrator, approved and ordered to be recorded, containing the recital "that whereas the said John Babson has been appointed by the judge of probate trustee of the estate of Sarah McCrate, late of Wiscasset, deceased, agreeably to the provisions of the last will and testament of said Sarah McCrate, and certain property having come into his hands in trust for purposes in said will set forth: now, therefore, if the said John Babson shall faithfully execute such trust according to the will of the testatrix, so far as is consistent with law, and shall make a true and perfect inventory," etc. Plaintiff thereupon proceeded to execute the trust, and under this state of the title took out a policy in the name of "John Babson," describing the property as "his dwelling house," although it appeared in evidence that the facts as to title were communicated to the company when the insurance was effected.

Held that the facts disclosed an insurable interest in plaintiff, and judgment was entered for plaintiff.

Before SHEPLEY, Circuit Judge.

BABSON, (UNITED STATES v.) See Case No. 14,489.

---

## Case No. 705.

### In re BACH.

#### District Court. Dec., 1872.

[Cited in Re Duncan, Case No. 4,132. Nowhere reported; opinion not now accessible.]

---

BACHE, (FREVALL v.) See Case No. 5,113.

BACHE, (JONES v.) See Case No. 7,454.

---

## Case No. 706.

### BACHELDER v. MOULTON et al.

[11 Blatchf. 304;[1] 6 Fish. Pat. Cas. 488; 4 O. G. 501.]

Circuit Court, S. D. New York. Sept. 25, 1873.

PATENTS FOR INVENTIONS — SEWING MACHINES — ANTICIPATION.

1. The reissued letters patent granted to John Bachelder, December 12th, 1865, for an "improvement in sewing machines," and extended [by act] for seven years from the 8th of May, 1870, are infringed by the Whitney sewing machine, which uses, as a perpetual feed, the feed of Allen B. Wilson, covered by reissued patent No. 346, granted to him January 22d, 1856, and reissued patent No. 414, granted to him December 9th, 1856.

[Cited in Potter v. Stewart, 7 Fed. 215.]

2. A decision, in a suit brought for an infringement of the Wilson patents, that the prior existence of the Bachelder patent did not destroy the novelty of the Wilson patents, is not a decision that the use of the feeding arrangement of the Wilson patents does not infringe the Bachelder patent.

3. The Wilson patents cover inventions not found in the Bachelder patent, but a machine constructed according to the Wilson patents embraces inventions claimed in the Bachelder patent.

[In equity. Suit by John Bachelder against William J. Moulton and others on reissued letters patent for an "improvement in sewing machines," granted to complainant December 12, 1865. Complainant moves for provisional injunction. Granted.

[The original patent was granted to same May 8, 1849. There were two intermediate reissues, and an extension. The claims of the reissue sued upon are as follows: "First. I claim, in combination, the supporting bed, which supports the material horizontally in the machine, and is provided with a throat for the passage of the needle and the constant yielding pressure-holder, each having the functions and mode of operation hereinbefore specified. Second. I claim, in combination, the supporting bed, the constant yielding pressure holder, and the reciprocating eye-pointed needle, each having the func-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. Syllabus taken from Blatchford's Reports, and statement from Fisher's Patent Cases.]