NILES v. FARMERS' MUTUAL FIRE INSURANCE CO.

FIRE INSURANCE—INCUMBRANCES—BREACH OF WARRANTY.
Plaintiff purchased on contract 10 acres of land, being a part of a tract of 80 acres, which was mortgaged for $500. In his application for insurance he stated that his property was incumbered for $350; that being the amount of the unpaid balance on the purchase price. By the terms of the insurance contract, the statements in the application were made warranties. *Held*, that there was a breach of warranty avoiding the policy. *American Ins. Co.* v. *Gilbert*, 27 Mich. 429, distinguished.

Error to Antrim; Corbett, J. Submitted October 19, 1898. Decided January 20, 1899.

*Assumpsit* by Cyrus Niles against the Farmers' Mutual Fire Insurance Company of Grand Traverse, Antrim & Leelanau counties on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

*Leavitt & Guile*, for appellant.

*H. B. Hudson* and *N. C. Weter*, for appellee.

LONG, J. This is an action on a fire-insurance policy held by plaintiff in the defendant company. The policy was issued December 2, 1893, and covered $750 on dwell-

ing house, and $250 on furniture, etc., therein. The premiums were fully paid, and the house, furniture, etc., were destroyed on March 3, 1897. On the trial the jury returned a verdict in favor of plaintiff for $562.50 on dwelling house, and $187.50 on furniture, etc. Several defenses were interposed, but most of them were settled by the verdict on questions of fact, which were properly submitted, and will not be discussed.

It is contended that the policy was void because a certain mortgage of $500 was not disclosed to the insurance company. It appears that the plaintiff purchased by land contract 10 acres of land from his brother, upon which was located the dwelling house insured. He paid nothing upon the contract, but went at once into possession of the property. At or before the time of this purchase by the plaintiff, his brother had mortgaged his farm of 80 acres (of which this 10 acres formed a part) for $500. By the terms of plaintiff's contract, he was to make certain additions to and improvements upon the house, and upon the payment of $350 was to have his deed of the premises. He had made the additions and improvements, but had not paid the $350, when the policy sued upon was issued to him. In the application for the insurance the question was asked, "Is the property incumbered by mortgage or otherwise?" to which the plaintiff answered, "Yes; to the amount of $350." By the terms of the policy, the application is made a part of the contract, and is to be construed as a warranty by the insured of the truth of the facts therein stated. The contention of counsel for defendant is that the omission to state this $500 mortgage given by the plaintiff's brother amounts to a fraudulent concealment of a material fact, and avoids the policy.

Counsel for plaintiff insist that this question is ruled by *American Ins. Co.* v. *Gilbert*, 27 Mich. 429. That case, however, is not controlling. There Gilbert had purchased by contract from one Prentice the 80 acres upon which the insured buildings stood. The purchase price was $4,000, and only $50 of it had been paid down. Pren-

tice covenanted to convey a good title, free of incumbrances.  At the time of this contract, and at the time of the loss, there was an outstanding mortgage on the land to one Smally for $300.  The application stated the value of the house at $4,000, and asked for $2,500 insurance, and on the barn $250.  The application also stated: "Loss, if any, payable to mortgagee, so far as his interest may appear.  John Prentice, mortgagee."  The application then proceeds to ask:

"What is the title?
"*A.* Article of agreement.  *  *  *
"Is your property incumbered,— by what, and to what extent?
"*A.* By mortgage for $4,000.
"If incumbered, what is the whole value of your real estate (including buildings and land)?
"*A.* $8,000 or more."

The policy referred to the application, and made it a part of it, and a warranty by the insured.  In reference to the Smally mortgage, the court below stated to the jury, in substance, that inasmuch as Prentice, by his contract, had undertaken to convey to plaintiff a good title, and was therefore bound to pay off the amount due on this mortgage, and would not be entitled to this $4,000 from the plaintiff until he did so, and could recover only the $4,000, less the sum due on that mortgage, the latter was in legal effect included in the statement of the $4,000 mortgage to Prentice.  This charge was held to be correct.

In the present case, however, the representation was that the incumbrance was only $350.  This did not include the $500 mortgage with which the 80 acres was incumbered, and was not so intended.  The $500 incumbrance was not stated.  It is apparent that the property was incumbered for $150 more than stated in the application.  The insurance company had the right to be informed of the total amount of the incumbrance.  By the terms of the contract, the statements in the application were made warranties, and the company had the right to rely upon them as true.

The court below was in error in holding that such representations were immaterial.   The court should have directed the verdict in favor of defendant.   This policy was issued before Act No. 167, Pub. Acts 1897, took effect.

We find no error in the record, aside from this.

Judgment is reversed, and a new trial awarded.

The other Justices concurred.