## NELSON P. CUMMINGS

### *vs.*

## DIRIGO MUTUAL FIRE INSURANCE COMPANY.

### Oxford.    Opinion November 28, 1914.

*Deed.   Exceptions.   Equitable Title.   False Representations.   Insurance.   Minor.   Naked Legal Title.   Ownership.   Policy.   Trustee.*

Sometime in September, 1912, the plaintiff bought of Kate S. Rounds, through one Gray, the property on which the buildings insured stood.    A deed to the plaintiff of said property was thereafter duly made, signed, acknowledged and delivered.    Shortly after this deed was delivered to the plaintiff, and while he was trying to negotiate a mortgage for a portion of the purchase price at the trust company, it was discovered that the plaintiff was a minor.    Thereupon the plaintiff asked to have a new deed made running to his father for his benefit, so that his father could execute a mortgage to the trust company and redeed the property to him.    A deed from Kate S. Rounds of said property was duly made and fully executed from Kate S. Rounds to Bert F. Cummings, the father of the plaintiff, but Bert F. Cummings has never reconveyed said property to the plaintiff.    On the 30th day of October, 1912, the plaintiff made application to the defendant company for a policy of insurance on said property, and on the same day the policy in suit was issued.    In said application for an insurance, when asked "Who owns the buildings?"  he replied, "Nelson P. Cummings."

*Held:*—

1. That the plaintiff's representation in his application that he was the owner of the property insured was true in fact.

2. It might well be claimed that Nelson P. Cummings was the legal owner of said property and that the full legal title was in him.

3. The first deed was actually delivered to him and there has been no conveyance from him. Title once acquired can be voluntarily divested in the life of the grantee only by deed.

4. The father, Bert F. Cummings, by the subsequent deed to him from Kate S. Rounds, took only the naked legal title, while the son Nelson P. Cummings took the equitable title. The father was the trustee, and the son was the beneficiary and equitable owner.

5. This not only gave him an insurable interest in the property, but made his answer in the application that he owned the property, a truthful one.

On exceptions by defendant. Exceptions overruled.

This is an action of assumpsit upon an insurance policy issued by defendant company October 30, 1912 for $1200.

The case was submitted to the Justice presiding on an agreed statement of facts, with right of exceptions in matters of law. The presiding Justice found in favor of the plaintiff, and the defendant excepted to said finding. Plea, general issue and brief statement of special matters of defense.

The case is stated in the opinion.

*Walter L. Gray, James S. Wright,* for plaintiff.
*Samuel W. Gould,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J. Action of assumpsit upon an insurance policy issued by the defendant on October 30, 1912, for the sum of $1200. The case was submitted to the presiding Justice on an agreed statement of facts with right of exceptions in matters of law. The presiding Justice found in favor of the plaintiff and the defendant alleged exceptions. The single question open to the defendant is whether or not the plaintiff in his application for insurance made a false representation as to ownership when in answer to the question "Who owns the buildings referred to" he replied "Nelson P. Cummings."

The facts in relation to ownership are stated as follows in the agreed statement: "That sometime in September, 1912, Nelson P. Cummings bought of Kate S. Rounds, of New York, through Walter L. Gray, the property on which the buildings insured stood, and agreed to pay her $1700.; that a deed dated October 3, 1912, was made, duly signed and acknowledged, from Kate S. Rounds to Nelson P. Cummings; that at some date, shortly after the date of the deed, this deed was actually delivered to Nelson P. Cummings who went to the Paris Trust Company for the purpose of mortgaging the premises, when it was discovered that Nelson P. Cummings was a minor; that thereupon Nelson P. Cummings went back to the office of Walter L. Gray and asked that a new deed be made, running to his father, so that his father could take title to the property for his benefit, execute the mortgage to the Trust Company, and re-deed the property to him; but he has never reconveyed to Nelson P.; that a new deed was made, duly signed and acknowledged and fully executed from Kate S. Rounds to Bert F. Cummings, the father of said Nelson P. Cummings, said deed being dated October 3, 1912, but acknowledged October 15, 1912; that on the 28th day of October, 1912, Bert F. Cummings wrote the defendant corporation a letter saying: 'My son has just purchased a farm and would like to have the buildings insured. · Please send along an application.' That on the 30th day of October application was made by Nelson P. Cummings  .  .  .  .  that on the same day a policy of insurance did issue.  .  .  .  .  That from the time of said conveyance and issuing of said policy of insurance the said Nelson P. Cummings had full possession of the property and assumed the complete ownership of the same, and actually paid of his own money the sum of $300. and verbally promised to assume the mortgage that was issued thereon for the balance of said consideration; that the said Bert F. Cummings, the father of said Nelson P. Cummings never advanced a dollar of his own money in said purchase of said property, but held the deed thereof for the benefit of the said Nelson P. Cummings on account of the inability of the said Nelson P. Cummings to execute a legal mortgage, as stated aforesaid."

This agreed statement demolishes the contention of the defendant. The plaintiff's representation in his application that he was the owner of the property, was true in fact. It might well be claimed that he was the legal owner and that the full legal title was in him.

The first deed was "actually delivered" to him and there has been no conveyance from him. Title once acquired can be voluntarily divested in the life of the grantee only by deed. *Holbrook* v. *Tirrell*, 9 Pick., 105; *Hall* v. *McDuff*, 24 Maine, 311; *Patterson* v. *Yeaton*, 47 Maine, 314; *Chase* v. *Hinckley*, 74 Maine, 181.

But conceding what the defendant contends, that this delivery was only conditional, and made for the purpose of obtaining the greater part of the purchase price by mortgage, and when that purpose failed the delivery failed, still, under the agreed statement, the father, by the subsequent deed, took only the naked legal title while the son took the equitable title. The father was the trustee, and the son was the beneficiary and the equitable owner. The father had paid nothing. The son had paid in $300 and orally agreed to pay the mortgage. This not only gave him an insurable interest, *Gilman* v. *Ins. Co.*, 81 Maine, 494, *Getchell* v. *Ins. Co.*, 109 Maine, 274, but made his answer in the application a truthful one. Had the defendant desired more particular knowledge as to the kind or extent of his ownership it should have sought the information by more specific inquiry. *Getchell* v. *Ins. Co.*, supra. But this it did not do. Had it done so, the additional information would doubtless have been satisfactory and the policy would have been issued just the same, because the real party in interest was obtaining the insurance, and to ascertain that fact is the object of the inquiry on the part of the Company.

*Exceptions overruled.*