[Civ. No. 2698. Second Appellate District, Division One.—January 29, 1920.]

## A. H. SECCOMBE, Appellant, v. GLENS FALLS INSURANCE COMPANY (a Corporation), Respondent.

[1] FIRE INSURANCE — PRELIMINARY PROOF OF LOSS — FAILURE OF OWNER TO FILE IN TIME—BAR TO ACTION ON POLICY.—Where a policy of fire insurance provides that "within sixty days after the commencement of the fire the insured shall render to the company . . . preliminary proof of loss," and further, that "no suit or action on this policy for the recovery of any claim shall be sustained, until after full compliance by the insured" with such

requirement, neglect or failure on the part of the owner to render such preliminary proof of loss within the time specified constitutes a bar to his right of recovery.

[2] Id.—Rights of Mortgagee—Action not Barred by Neglect or Failure of Owner.—Where there is attached to such policy · a mortgage clause providing that the loss or damage, if any, under the policy, shall be payable to the mortgagee and that the insurance, "as to the interest of the mortgagee, only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner," and there is no provision requiring him to file a preliminary proof of loss, such mortgagee is not required to file such proof of loss, and the neglect or ·failure of the owner to file a preliminary proof of loss will not bar such mortgagee's right of recovery.

[3] Id.—Neglect of Owner—Right of Mortgagee to Perform—Construction of Section 2541, Civil Code.—The provision of section 2541 of the Civil Code that where the mortgagor as insurer neglects the performance of acts necessary to the validity of the insurance, the mortgagee named in a· policy as being entitled to indemnity in case of loss may perform them is restricted to acts "prior to the loss," which, if not performed, would avoid the insurance.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles L. Chandler for Appellant.

John R. Layng for Respondent.

SHAW, J.—Upon the ground that the complaint did not state facts sufficient to constitute a cause of action, the court sustained an objection to the introduction of any evidence thereunder and gave judgment for defendant, from which plaintiff appeals.

The action is based upon a policy of fire insurance issued to May Prutsman upon property of which she was the owner and upon which she had executed a deed of trust in favor of plaintiff to secure a promissory note executed by her to him, which policy contained a provision for his benefit as mortgagee. The policy, clause A, contains a statement that,

2. Effect of mortgagor's failure to give notice or proof of loss on mortgagee's right to recover, note, 14 L. R. A. (N. S.) 459.

"subject to all the conditions of this policy, loss, if any, on building, payable to A. H. Seccombe (who holds trust deed). Mortgage clause attached." The mortgage clause so referred to reads as follows: "Union Mortgage Clause. New York, New Jersey, Connecticut and Rhode Island standard mortgage clause with full contribution. Loss or damage, if any, under this policy on building only, shall be payable to A. H. Seccombe (who holds trust deed) . . . as first mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the · mortgagee (or trustee), only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property." Clause C provides: "This policy is made and accepted subject to the foregoing stipulations and conditions and those hereinafter stated, which are hereby specially referred to and made a part of this policy. . . . " Clause D, headed "Duty of insured in case of loss," provides that "when a loss occurs the insured must give to this company written notice thereof without unnecessary delay, . . ." and "within sixty days after the commencement of the fire the insured shall render to the company . . . preliminary proof of loss, consisting of a written statement signed and sworn to by him, setting forth" certain matters unnecessary to here specify. Clause E provides that "no suit or action on this policy for the recovery of any claim shall be sustained, until after full compliance by the insured with all the foregoing requirements."

It appears from the complaint that the dwelling-house covered by the policy was destroyed by fire on November 26, 1915, and that neither May Prutsman as owner nor plaintiff as mortgagee, within sixty days after the commencement of the fire, as provided in clause D, rendered to defendant preliminary proof of the loss.

[1] That such neglect and failure on the part of the owner constituted a bar to her right of recovery is not only declared by clause E, but sustained by numerous authorities, among which see *White* v. *Home Mutual Ins. Co.*, 128 Cal. 131, [60 Pac. 666].

[2] As held by the trial court, respondent insists that the same rule applies to plaintiff as mortgagee and that, since neither he nor the owner complied with the provision as to rendering the required proofs, his right to main-

tain the action is likewise barred. As to this question, due in some cases perhaps to the difference in interpretation of the language of the contract, the authorities are not˙ in harmony. Thus, in *Southern H. & B. Loan Assn.* v. *Home Ins. Co.*, 94 Ga. 167, [47 Am. St. Rep. 147, 27 L. R. A. 844, 21 S. E. 375], where the mortgage clause was identical with the one here involved, it is held that the mortgagee could not recover where neither he nor the owner complied with the provision in rendering proofs within the time specified. Other courts, however, have adopted the rule announced in section 2795 of Joyce on Insurance, that "the mortgage clause making the mortgagee the payee, and stipulating that the insurance should not be invalidated by the mortgagor's acts or neglect, constitutes an independent contract between said mortgagee and insurer, and in such case the subject matter of the insurance is the mortgagee's insurable interest, and not the real estate, and the risk will not be avoided by any acts of the mortgagor, whether done prior or subsequently to or at the time of the issue of the policy." To the same effect is Clement on Fire Insurance, volume 1, page 208, where it is said: "The failure of the mortgagor and owner to furnish such proofs, either wholly or within the stipulated time, constitutes one of the neglects, from the invalidating consequences of which the mortgagee is exempted." In *Reed* v. *Firemen's Ins. Co.*, 81 N. J. L. 523, [35 L. R. A. (N. S.) 343, 80 Atl. 462], the court construes a like mortgage clause as a contract between the insurer and the mortgagee separate and independent from the policy upon which it is engrafted, reference to which, however, is had only for the purpose of showing the contract to which the mortgage clause refers; and in deciding the point, said: "The express terms of the policy limit the furnishing of such ˙proof to the insured. Therefore, a demand upon the mortgagee to do so is without the express agreement contained in the contract, and is not binding upon the mortgagee." To the same effect are the cases of *Eddy* v. *London Assur. Corp.*, 143 N. Y. 311, [25 L. R. A. 686, 38 N. E. 307] ; *Heilbrunn* v. *German Alliance Ins. Co.*, 202 N. Y. 610, [95 N. E. 823] ; *Smith* v. *Union Ins. Co.*, 25 R. I. 260, [105 Am. St. Rep. 882, 55 Atl. 715], and *Hanover Fire Ins. Co.* v. *Bohn,* 48 Neb. 743, [58 Am. St. Rep. 719, 67 N. W. 774].

Upon the authority of the cases cited we are constrained to hold that the policy in effect contained two separate contracts of indemnity: one insuring the risk of the mortgagor who by the terms of the contract was bound by the stipulation contained in clause D under which, as a condition of recovery, she was required in case of the insured property being destroyed by fire to render proof thereof within sixty days from the commencement of the fire, and the other insuring the risk of the mortgagee which, since it contained no provision requiring him so to do, could not as a condition of his right to recover for his loss be required to render preliminary proof as to the destruction of the property. As to his rights in the contract, it was expressly provided by the Union mortgage clause that no act or neglect of the mortgagor or owner, upon whom by clause D was imposed the duty of making such proof, should invalidate the mortgagee's interest in the insurance. This conclusion is unaffected by the fact that clause A declares that *"subject to all the conditions of this policy,"* loss is payable to plaintiff, for the reason that such provision is qualified by what is said in clause B, referred to in clause A as the "mortgage clause attached." If this were not so, and conceding the stipulations inconsistent, the uncertain language used should be construed most strongly against the insurance company and so interpreted, if possible, as to avoid a forfeiture. (Sec. 1442, Civ. Code; *Welch* v. *British American etc. Co.,* 148 Cal. 223, [113 Am. St. Rep. 223, 7 Ann. Cas. 396, 82 Pac. 964]; *Harp* v. *Firemen's Fund Ins. Co.,* 130 Ga. 726, [14 Ann. Cas. 299, 61 S. E. 704].)

While clause E provides that no suit or action on this policy for the recovery of any claim shall be sustained until after full compliance by the insured with all the foregoing requirements, it has reference to the owner to whom the policy was issued, and not to rights under the contract made with the mortgagee.

[3] While section 2541 of the Civil Code provides that where the mortgagor as insurer neglects the performance of acts necessary to the validity of the insurance, the mortgagee named in a policy as being entitled to indemnity in case of loss may perform them, such provision is restricted

to acts "prior to the loss," which, if not performed, would avoid the insurance.

In our opinion, the complaint is sufficient in stating facts to constitute a cause of action, and hence the court erred in refusing to permit plaintiff to introduce evidence thereunder.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.