CITIZENS STATE BANK OF CLARE v. STATE MUTUAL RODDED FIRE INS. CO. OF MICHIGAN.

1. Frauds, Statute of—Parol Promise to Reconvey—Equity.
   A grantee's parol promise to reconvey is void under the statute of frauds, even though grantor might obtain equitable relief under some circumstances (3 Comp. Laws 1929, § 13411).

2. Insurance—Insurable Interest—Bare Title.
   Bare title of grantee who had given verbal promise to reconvey mortgaged property to grantors *held*, to constitute an insurable interest, notwithstanding his disclaimer of a personal interest in such property.

3. SAME — FIRE INSURANCE — STANDARD MORTGAGE CLAUSE — CONSTRUCTION.

The so-called standard or union mortgage clause in a fire insurance policy making mortgagee payee and stipulating insurance shall not be invalidated by mortgagor's acts or neglect constitutes an independent contract between the mortgagee and insurer in which the subject-matter of the insurance is the mortgagee's insurable interest, not the real estate, and risk will not be avoided by acts, representations or omissions of mortgagor, done or permitted, prior to, at time of, or subsequent to, issuance of the policy.

4. SAME — INDEPENDENT STATUS OF MORTGAGEE — RECOVERY.

The so-called standard or union mortgage clause gives a mortgagee such an independent status as might authorize recovery by him even though mortgagor were precluded.

5. SAME — BREACH OF CONTRACT — MISREPRESENTATIONS.

Under so-called standard or union mortgage clause in fire insurance policy the defense of breach of contract or misrepresentation by acts or neglects of mortgagor contemporaneous with or subsequent to the issuance of the main policy are not available to insurer.

6. SAME — FIRE LOSS — RECOVERY BY MORTGAGEE.

Mortgagee which held two mortgages on property insured by defendant under fire insurance policy containing so-called standard or union mortgage clause, issued on application containing such a material misrepresentation as to incumbrances as to avoid the policy as against mortgagor, *held*, entitled to recover amount of fire loss.

7. SAME — SUBROGATION.

Insurer which is compelled to pay mortgagee under so-called standard or union mortgage clause is entitled to subrogation thereunder where misrepresentations in application by mortgagor are sufficient to avoid the policy as to latter.

8. APPEAL AND ERROR — INSURANCE — SUBROGATION — NEW TRIAL.

In action by mortgagee against insurer under policy containing so-called standard or union mortgage clause, where trial judge foreclosed inquiry as to amount for which plaintiff sold property after receiving deeds from outstanding title holders by denying subrogation, a new trial is granted in view of inability to determine questions as to subrogation on record presented.

Appeal from Clare; Hart (Ray), J.   Submitted April 9, 1936.   (Docket No. 37, Calendar No. 38,804.) Decided June 11, 1936.

Assumpsit by Citizens State Bank of Clare, Michigan, against State Mutual Rodded Fire Insurance Company of Michigan upon a fire insurance policy to recover damages for a fire loss.   Judgment for plaintiff.   Defendant appeals.   Reversed, with new trial.

*T. Carl Holbrook* and *O'Keefe & O'Keefe,* for plaintiff.

*Leibrand & Leibrand,* for defendant.

BUTZEL, J.   Early in 1929 Bart Barrus purchased an 80-acre farm improved with a house and barn near Clare, Michigan.   The property was incumbered with a mortgage of $1,000 and another of $500, both running to plaintiff bank.   Barrus' parents-in-law were living on the property and he was anxious to get them off the premises without any family quarrel.   This could be accomplished with less friction through the medium of a stranger than by a member of the family.   Therefore, Barrus and wife gave a warranty deed of the property to Orval Vanderwarker with the verbal understanding on his part that he would execute a reconveyance to his grantors at their request.   On March 3, 1930, defendant insurance company issued to Vanderwarker a policy insuring the house for $1,000 and the barn for $500 and containing a notation that it was issued in lieu of a policy with another company.   It is urged by defendant that Barrus, now deceased, signed Vanderwarker's name to the application and Vanderwarker's testimony confirms that contention.

The company, however, granted the application after due investigation, mailed the policy to Vanderwarker, who accepted it and delivered it to the bank. On June 9, 1930, some three months later, a rider was attached to the policy containing what is commonly known as the "standard" or "union" type of mortgage clause, the pertinent part of which is set forth in the margin * of this opinion.

On October 24, 1930, the house was destroyed by fire of an unknown origin. Almost three weeks elapsed before the insurance company received written notice of the loss although the president of the bank informed defendant's agent of the fire a few days after it occurred. Vanderwarker, who was made codefendant, disclaimed all interest in the property and the insurance. He had reconveyed the property to Barrus some time prior to the institution of the present suit. Ten months after the declaration was filed, Barrus deeded the property to the bank and five weeks later Vanderwarker did the same. The trial judge who heard the case without a jury rendered judgment for $1,000 and interest against the insurance company and denied it the right of subrogation. The insurance company has appealed.

Appellant claimed that Vanderwarker had no insurable interest in the property and, therefore, the insurance was void from its inception. It is argued by plaintiff, however, that Vanderwarker had absolute title to the property when the insurance was taken out and also at the time of the fire. A parol promise on the part of a grantee to reconvey is void under the statute of frauds (3 Comp. Laws 1929, § 13411), even though under certain circumstances, the grantor might obtain equitable relief. *Poppe* v.

---

* "Subject to all conditions of said policy not specifically waived herein, loss or damage, if any, under this policy, shall be payable

*Poppe,* 114 Mich. 649 (68 Am. St. Rep. 503). At the time the insurance was taken out, Vanderwarker had at least a bare title. This, of itself, is sufficient to constitute an insurable interest. *Quackenbush* v. *Citizens Ins. Co. of Missouri,* 150 Mich. 555. The statement in 1 Cooley on Insurance (2d Ed.), p. 224, that "a trustee although he has no personal interest in the property yet has an insurable interest" is supported by many cases. *Fray* v. *National Fire Ins. Co. of Hartford,* 341 Ill. 431 (173 N. E. 479); *Insurance Co.* v. *Chase,* 5 Wall. (72 U. S.) 509; *Lane* v. *Maine Mutual Fire Ins. Co.,* 12 Me. 44 (28 Am. Dec. 150); *Washington Fire Ins. Co.* v. *Kelly,* 32 Md. 421 (3 Am. Rep. 149); *Rhode Island Underwriters' Ass'n* v. *Monarch,* 98 Ky. 305 (32 S. W. 959); *Babson* v. *Thomaston Mutual Fire Ins. Co.,* 2 Fed. Cas. 306; *Goodall* v. *New England Mutual Fire Ins. Co.,* 25 N. H. 169; *Cummings* v. *Dirigo Mutual Fire Ins. Co.,* 112 Me. 379 (92 Atl. 298); 3 Bogert, Trusts and Trustees (1st Ed.), p. 1903 *et seq.,* § 599.

Appellant, however, contends that even if Vanderwarker had an insurable interest, nevertheless the policy was obtained through fraudulent representations in the application as to the kind of title and amount of incumbrance and that for this reason it had a good defense as to Vanderwarker and as to the plaintiff bank. Much of the confusion in the case can be cleared by an understanding of the par-

to The Citizens State Bank, P. O., Clare, as * * * mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or the owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."

ticular type of mortgage clause in the instant case, specifically the phrase:

"Loss or damage * * * shall be payable to the Citizens State Bank * * * as * * * mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee * * * only therein, shall *not be invalidated by any act or neglect of the mortgagor or the owner of the within described property.*"

The effect of this clause has been the subject of much litigation and the conclusion derived is well stated in 5 Couch, Cyclopedia Insurance Law, p. 4435, § 1215b:

"The so-called 'standard' or 'union' mortgage clause, making the mortgagee payee, and stipulating that the insurance shall not be invalidated by the mortgagor's acts or neglect, constitutes an independent contract between said mortgagee and insurer, and in such case the subject-matter of the insurance is the mortgagee's insurable interest, and not the real estate, and the risk will not be avoided by any acts, representations, or omissions of the mortgagor or owner, whether done or permitted prior or subsequently to, or at the time of, the issuance of the policy."

Since the case of *Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 141, the courts have declared this to be a separate contract between insurer and mortgagee and not subject to most of the defenses which the insurer might have against the mortgagor. *Syndicate Ins. Co.* v. *Bohn,* 12 C. C. A. 531 (65 Fed. 165, 27 L. R. A. 614); *Home Loan & Finance Co.* v. *Firemens Fund Ins. Co.,* 221 Ala. 529 (129 South. 470); *Fidelity-Phenix Fire Ins. Co.* v. *Garrison,* 39 Ariz. 277 (6 Pac. [2d] 47); *National Union Fire Ins. Co.* v. *Henry,* 181 Ark. 637 (27 S. W. [2d]

786); *Seccombe* v. *Glen Falls Ins. Co.*, 45 Cal. App. 611 (188 Pac. 305); *Southern States Fire & Casualty Ins. Co.* v. *Napier*, 22 Ga. App. 361 (96 S. E. 15); *Critchlow* v. *Reliance Mutual Ins. Ass'n*, 198 Iowa, 1086 (197 N. W. 318); *Traders Ins. Co.* v. *Pacaud*, 150 Ill. 245 (37 N. E. 460, 41 Am. St. Rep. 355); *Metropolitan Life Ins. Co.* v. *Mennonite Mutual Fire Ins. Co.*, 131 Kan. 628 (293 Pac. 402); *Remedial System of Loaning* v. *New Hampshire Fire Ins. Co.*, 227 Ky. 652 (13 S. W. [2d] 1005); *City Five Cents Savings Bank* v. *Pennsylvania Fire Ins. Co.*, 122 Mass. 165; *Magoun* v. *Firemen's Fund Ins. Co.*, 86 Minn. 486 (91 N. W. 5, 91 Am. St. Rep. 370); *Allen* v. *St. Paul Fire & Marine Ins. Co.*, 167 Minn. 146 (208 N. W. 816); *Union Trust Co. of Ellsworth* v. *Philadelphia Fire & Marine Ins. Co.*, 127 Me. 528 (145 Atl. 243); *Hanover Fire Ins. Co.* v. *Bohn*, 48 Neb. 743 (67 N. W. 774, 58 Am. St. Rep. 719); *Goldstein* v. *National Liberty Ins. Co. of America*, 256 N. Y. 26 (175 N. E. 359); *Savarese* v. *Ohio Farmers' Ins. Co.*, 260 N. Y. 45 (182 N. E. 665, 91 A. L. R. 1341); *Federal Land Bank of Columbia* v. *Atlas Assurance Co.*, 188 N. C. 747 (125 S. E. 631); *Beaver Falls Bldg. & Loan Ass'n* v. *Allemania Fire Ins. Co.*, 305 Pa. 290 (157 Atl. 616); *Smith* v. *Union Ins. Co.*, 25 R. I. 260 (55 Atl. 715, 105 Am. St. Rep. 882); *Orenstein* v. *New Jersey Ins. Co.*, 131 S. C. 500 (127 S. E. 570); *Bank of Ipswich* v. *Harding County Farmers Mutual Fire & Lightning Ins. Co.*, 55 S. D. 261 (225 N. W. 721, 63 A. L. R. 925); *Wagner* v. *Peters*, 142 Va. 412 (128 S. E. 445); *Oregon Mortgage Co.* v. *Hartford Fire Ins. Co.*, 122 Wash. 183 (210 Pac. 385); *Fayetteville Bldg. & Loan Ass'n* v. *Mutual Fire Ins. Co. of West Virginia*, 105 W. Va. 147 (141 S. E. 634); *British Assurance Co.* v. *Mid-Continent Life Ins. Co.* (Tex. Civ. App.), 37 S. W.

(2d) 742; *Burns* v. *Insurance Co. of Pennsylvania*
(Mo. App.), 224 S. W. 96. Consequently, since the
clause operates as a separate and distinct contract
of insurance upon the mortgagee's interest, it gives
the mortgagee such an independent status as might
authorize a recovery on the policy by him even
though the mortgagor were precluded.

In the instant case, the defendant argues that Bar-
rus made certain misrepresentations in his applica-
tion for the policy. He represented that there was
only a mortgage of $1,000 on the property, whereas,
in reality, the total amount of the incumbrances was
$1,400. Moreover, the true state of Vanderwarker's
title was not set forth. Assuming that the state-
ments in the application as to the amount of the in-
cumbrances and status of the title constituted war-
ranties and that these warranties were breached by
the falsification of the amount of the mortgages and
status of title, can such defense be pleaded in a suit
by the mortgagee on the policy? It has been almost
universally held that the clause, "this insurance, as
to the interest of the mortgagee * * * shall not be
invalidated by any act or neglect of the mortgagor
or the owner of the within described property," pre-
vents the insurance company from raising the de-
fense that there were misrepresentations or breaches
of warranty when the policy was taken out. As it is
commonly stated, the above quoted words in the
standard clause precludes the defense of breach of
condition or misrepresentation by any acts or neg-
lects of the mortgagor contemporaneous with or sub-
sequent to the issuance of the main policy. *Fire
Ass'n of Philadelphia* v. *Evansville Brewing Ass'n,*
73 Fla. 904 (75 South. 196); *Hartford Fire Ins. Co.* v.
*Olcott,* 97 Ill. 439; *Union Trust Co.* v. *Philadelphia
F. & M. Ins. Co., supra; Bacot* v. *Phœnix Ins. Co.,*

96 Miss. 223 (50 South. 729, 25 L. R. A. [N. S.] 1226,
Ann. Cas. 1912 B, 262); *Hanover Fire Ins. Co.* v.
*Bohn, supra; Goldstein* v. *National Liberty Ins. Co.,
supra; Federal Land Bank* v. *Atlas Assurance Co.,
supra; Smith* v. *Union Ins. Co., supra; Fayetteville
Bldg. & Loan Ass'n* v. *Mutual Fire Ins. Co. of West
Virginia, supra; Burns* v. *Insurance Co. of Pennsyl-
vania, supra; Syndicate Ins. Co.* v. *Bohn, supra;*
4 Joyce, Law of Insurance (2d Ed.), p. 4782, § 2795.

The trial court properly held that the plaintiff
bank was entitled to recover on the policy. However,
there was error in its treatment of the right of sub-
rogation in insurance company. It is a condition in
the mortgage clause that the insurance company
whenever it "shall pay the mortgagee (or trustee)
any sum for loss or damage under this policy; and
shall claim that as to the mortgagor or owner, no
liability therefor existed, * * * shall, to the extent
of such payment, be thereupon legally subrogated to
all the rights of the party to whom such payments
shall be made, under all securities held as collateral
to the mortgage debt * * * and shall thereupon re-
ceive a full assignment and transfer of the mortgage
and of all such other securities; but no subrogation
shall impair the right of the mortgagee (or trustee)
to recover the full amount of their claim." The ap-
plication stated that there was a $1,000 mortgage
against the property, when, as a matter of fact, there
was an additional mortgage of $500 which had been
reduced to approximately $400. The knowledge of
this latter mortgage was withheld from the insur-
ance company. It had a right to be informed of the
total mortgage indebtedness and to rely upon the
statements of incumbrances in the application for in-
surance. The misrepresentations appear to have
been material ones and would void the policy as to

the mortgagor.  *Niles* v. *Farmers Mutual Fire Ins. Co.,* 119 Mich. 252; *Patrons' Mut. Fire Ins. Co. of Michigan* v. *Pagenkoff,* 213 Mich. 157.

Appellee contends that this claimed defense and subrogation against the mortgagor because of false representations as to incumbrances was waived by the insurance company when it disclaimed liability solely on the ground of lack of insurable interest in Vanderwarker.  *Dickinson* v. *Homerich,* 248 Mich. 634; *Cohen* v. *London Guarantee & Accident Co., Ltd., of London, England,* 247 Mich. 226; *Martinek* v. *Firemen's Ins. Co.,* 247 Mich. 188.  Although the trial judge held that the insurance company denied liability solely on this ground, there was no testimony to this effect.  There may have been other statements made that do not appear in the record as presented to us.

The record shows that subsequent to the suit, plaintiff sold the property.  Appellant's attorney undertook to bring out all of the facts in regard to the sales, costs, interest due, taxes paid, etc., but was foreclosed from so doing by the trial judge.  Moreover the record is incomplete as to how much the bank received from the sale of the property and how much is still owing to it.  Without all the facts before us, we cannot determine the questions that arise in reference to subrogation.  Because of the errors pointed out, the judgment is reversed and a new trial granted.  Appellant will recover costs.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.  Potter, J., took no part in this decision.