FOREMOST INSURANCE COMPANY v ALLSTATE INSURANCE
COMPANY

Docket No. 115901. Submitted March 20, 1990, at Lansing. Decided
May 17, 1990. Leave to appeal applied for.

Foremost Insurance Company, subrogee of the State Employees
Credit Union, brought an action in the Ingham Circuit Court,
Thomas L. Brown, J., against Allstate Insurance Company
seeking recovery for the loss of a motor home insured by
Allstate on which the State Employees Credit Union was a
lienholder. The motor home had been destroyed by a fire
intentionally set by its owner. The trial court granted summary
disposition in favor of Foremost after finding that the loss
payable clause of the insurance contract which Allstate issued
to the State Employees Credit Union did not preclude recovery
by Foremost. Defendant appealed.

The Court of Appeals *held:*

1. The loss payable clause in the insurance contract stated
that, as to the State Employees Credit Union, the insurance
would not be invalidated by any act or neglect of the insured
owner. The trial court did not err in concluding that the
owner's acts of arson and misrepresentation did not preclude
recovery by Foremost.

2. The policy itself clearly covered intentional acts and the
loss payable clause precludes a denial of recovery where the
covered act is caused by the insured.

3. The policy's exclusion of coverage for losses occasioned by
the debtor's conversion does not preclude Foremost's recovery.

Affirmed.

INSURANCE — LOSS PAYABLE CLAUSES — LIENHOLDERS.

A "standard" or "union" loss payable clause operates as a sepa-
rate and distinct contract of insurance and gives the mortgagee
or lienholder an independent status which might authorize a
recovery by the mortgagee-lienholder even though recovery is
precluded to the mortgagor-owner.

REFERENCES

Am Jur 2d, Insurance § 1046.
See the Index to Annotations under Insurance and Insurance
Companies; Liens and Encumbrances; Mortgages.

*Willingham & Coté, P.C.* (by *Curtis R. Hadley*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Curt A. Benson* and *Elizabeth A. Jamieson*), for defendant.

Before: Gillis, P.J., and McDonald and J. W. Fitzgerald,* JJ.

Per Curiam. Defendant, Allstate Insurance Company, appeals as of right from a February 14, 1989, order granting summary disposition in favor of plaintiff, Foremost Insurance Company, subrogee of State Employees Credit Union, in this action to recover insurance benefits for the fire loss of a motor home insured by defendant. We affirm.

Bobby Taylor executed an installment note with secu, which note was secured by a 1982 motor home. Secu was named as a lienholder on the title to the motor home. On the same day, Taylor entered into a separate contract with defendant Allstate to provide motor vehicle insurance for the motor home. The declaration sheet and the certificate of insurance designated secu as a lienholder. In recognition of secu's interest in Taylor's vehicle, Allstate issued the credit union a "loss payable clause" which provides in pertinent part:

> Loss or damage, if any, . . . under the policy shall be payable as interest may appear to [State Employees Credit Union] and this insurance as to the interest of the . . . secured party . . . shall not be invalidated by any act or neglect of the . . . Owner of such automobile . . . provided, however, that the conversion, embezzlement or secretion by the . . . Debtor in possession of the property in-

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

> sured under a . . . mortgage or other security agreement is not covered under such policy, unless specifically insured against and premium paid therefore.

Thereafter, the motor home was destroyed by fire. Neither party contests that the fire was intentionally set by Taylor in an attempt to defraud Allstate. Taylor's insurance claim was accordingly denied by Allstate. Allstate also denied SECU's request for coverage under the policy based on SECU's interest as a lienholder to the motor home. Thus, Foremost, as subrogee of SECU, filed the instant action against Allstate seeking recovery for the loss of the motor home. Defendant now appeals from the trial court's order granting summary disposition in favor of Foremost.

On appeal Allstate claims the trial court erred in finding coverage existed under the loss payable clause where the property was destroyed by an intentional act of the insured owner and the underlying policy denied such coverage. We disagree.

A "standard" or "union" loss payable clause, such as the one herein at issue, operates as a separate and distinct contract of insurance and gives the mortgagee or lienholder an independent status which might authorize a recovery by the mortgagee-lienholder even though recovery is precluded to the mortgagor-owner. *Citizens State Bank of Clare v State Mutual Rodded Fire Ins Co of Michigan,* 276 Mich 62; 267 NW 785 (1936). We believe the instant case presents such a situation. Here no one contests that Taylor's intentional conduct precludes his recovery under the policy. However, the loss payable clause issued SECU specifically stated that, as to SECU, the insurance would not be "invalidated" by "any act or neglect" of Taylor. We therefore find no error in the trial

court's conclusion that Taylor's acts of arson and misrepresentation did not preclude recovery by Foremost as SECU's subrogee under the loss payable clause.

Contrary to defendant's assertions, *Boyd v General Motors Acceptance Corp,* 162 Mich App 446; 413 NW2d 683 (1987), does not require a different result. In *Boyd,* a panel of this Court held that, although loss payable clauses constitute separate contracts of insurance, a loss payable clause cannot provide greater coverage than that provided in the underlying policy. Thus, as the underlying policy in *Boyd* provided coverage only for accidental losses, recovery by the lienholder pursuant to the loss payable clause for damages resulting from an intentional act would have expanded the scope of coverage and was properly denied. No such result would obtain in the instant case. Here, the underlying policy specifically provides for comprehensive insurance coverage where the loss is occasioned by fire, theft, larceny, malicious mischief, vandalism, etcetera. Thus, the policy itself clearly covers intentional acts and the loss payable clause precludes a denial of recovery where the covered act is caused by the insured.

We also reject Allstate's claim that the loss payable clause's express exclusion of coverage for losses occasioned by the debtor's "conversion" precludes Foremost's recovery as we do not believe a person can "convert" his own property. Nor does anything in the policy indicate that the "conversion" exclusion refers to anything but the insured property, the motor home.

Affirmed.