*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEEMIC INSURANCE COMPANY,

Plaintiff-Appellee,

UNPUBLISHED
May 21, 2020

v

ANGELA JONES,

Defendant-Appellant.

No. 346361
Wayne Circuit Court
LC No. 18-005480-CK

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant, Angela Jones, appeals the trial court's order denying her motion for summary disposition and granting plaintiff Meemic Insurance Company's countermotion for summary disposition. We reverse and remand for proceedings consistent with this opinion.[1]

## I. FACTS

Jones owned residential property in Detroit, Michigan. In June 2014, Jones applied to purchase a home owner's insurance policy from Meemic. On the insurance application, Jones represented that she resided at the property even though she did not reside there at that time. Based on the information contained in the application, Meemic issued Jones an insurance policy. The

---

[1] We disagree with Meemic's argument that we lack jurisdiction over this appeal. Jones's motion for reconsideration from the trial court's final order was filed in the trial court within the 21-day period prescribed in MCR 7.204(A)(1)(b), and the instant claim of appeal was filed within 21 days after the trial court denied Jones's motion for reconsideration. Contrary to Meemic's argument on appeal, Jones was not required to identify the order denying reconsideration in the claim of appeal in order for MCR 7.204(A)(1)(b) to apply.

insurance policy provided, in relevant part, the following:

> If **we** pay the mortgagee for any loss and deny payment to **you**[2]:
>
> A. **we** will be subrogated to the extent of **our** payment to all the rights that the mortgagee has under the mortgage on the property; or
>
> B. at our option, **we** may pay to the mortgagee the whole principal on the mortgage and any interest due. In this event, **we** may receive a full assignment and transfer of the mortgage and all securities held as collateral for the mortgage debt.

The insurance policy was effective from July 28, 2014 through July 28, 2015, and the parties later renewed the insurance policy for an additional year.

On September 28, 2015, the property was damaged by a fire. At the time of the fire, Jones resided in the home. On September 28, 2015, Meemic paid Jones an advance payment of $2,500 in partial payment of the claim for insurance benefits. The advance payment receipt and reservation of rights document, which was signed by Jones, stated, "I further understand that if the policy or the claim is not valid and additional payment is not required by [Meemic], I will repay this partial payment to [Meemic]." During Meemic's investigation following the fire, it discovered that Jones had misrepresented that she was living at the property at the time she submitted the insurance application. On February 19, 2016, Meemic sent a letter to Jones, rescinding and voiding the insurance policy from its inception on the basis of the material misrepresentation. After rescinding the policy Meemic paid $53,356.49 to Jones's mortgagee, CitiMortgage, Inc., under the policy's standard mortgage clause.

On March 4, 2016, Jones filed suit against Meemic, alleging breach of contract and seeking to recover under the insurance policy. Meemic answered the complaint and later moved for summary disposition, arguing that the insurance policy was appropriately rescinded on the basis of the misrepresentation made by Jones in the application. Jones opposed the motion. On December 28, 2016, the trial court entered an order denying Meemic's motion for summary disposition "because there was no fraud because [Jones] renewed the policy and the answers were correct at the time of the renewal and [Jones] was a resident [of the home] at the time of the fire."

Meemic filed an application for leave to appeal the trial court's decision concerning its motion for summary disposition. On April 19, 2017, this Court reversed the trial court's December 28, 2016 order denying Meemic's motion for summary disposition and remanded the matter to the trial court. See *Jones v Meemic Ins Co*, unpublished order of the Court of Appeals, entered April 19, 2017 (Docket No. 337041). Jones filed an application for leave to appeal with our Supreme Court, which was denied. *Jones v Meemic Ins Co*, 501 Mich 951; 904 NW2d 852 (2018). On remand, the trial court entered an order (1) reversing its December 28, 2016 order denying

---

[2] The policy defines "**you**" to include "the person or persons shown as **Named Insured** . . . ." Jones was the named insured. "**We**" and "**our**" are both defined as "the Company named in the Declarations." Meemic was named in the declarations.

Meemic's motion for summary disposition, (2) granting Meemic's motion for summary disposition, and (3) dismissing Jones's complaint with prejudice.

On May 15, 2018, Meemic filed suit against Jones, seeking recovery of the $2,500 advance payment and the $53,356.49 paid to CitiMortgage. Under Count I, Meemic alleged that it was entitled to recovery of the $2,500 because the insurance policy was void *ab initio*. Under Count II, Meemic alleged that it was entitled to subrogation for the $53,356.49 paid to CitiMortgage because it properly denied coverage to Jones and rescinded the policy on the basis of the misrepresentations made in the application. Jones answered the complaint and generally denied the allegations contained therein.

On June 22, 2018, Jones filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that the standard mortgage clause was negated by the rescission of the insurance policy and that the trial court should dismiss the claim for the repayment of the $2,500 for lack of the circuit court jurisdictional threshold. Meemic filed a response to Jones's motion for summary disposition and filed a countermotion for summary disposition, arguing that it was entitled to the return of the $2,500 advance payment because it was unaware of Jones's misrepresentation at the time it made the payment and that Jones owed Meemic $53,356.49 because the standard mortgage clause created a separate contract that required Meemic to pay CitiMortgage.

On October 5, 2018, the trial court issued an opinion and entered an order, granting summary disposition in favor of Meemic. Jones's motion for summary disposition was denied. Jones filed a motion for reconsideration from the trial court's decision, which also was denied. This appeal followed.[3]

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). Although the trial court did not identify the subrule under which it granted summary disposition, it is apparent that the motion was granted under MCR 2.116(C)(10) because the trial court's consideration went beyond the parties' pleadings. *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 59; 680 NW2d 50 (2004). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), this Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in the light most favorable to the party opposing the motion." *Smith*, 460 Mich at 454 (citation omitted). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 454-455.

This Court also reviews de novo questions of the proper interpretation of a contract. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). This Court reviews the

---

[3] Jones does not challenge the trial court's holding that Meemic was entitled to summary disposition on its claim that it was entitled to recovery of the $2,500 that it paid to Jones.

interpretation of an insurance contract just like any other contract. *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010).

## III. ANALYSIS

Jones argues that the trial court erred by granting summary disposition in favor of Meemic on its claim that it was entitled to reimbursement of the $53,536.49 that it paid to CitiMortgage. We agree.

There are two types of mortgage clauses in insurance policies that protect lienholders—ordinary and standard mortgage clauses. *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 383-384; 486 NW2d 600 (1992). Under a standard mortgage clause,

> a lienholder is not subject to the exclusions available to the insurer against the insured because an independent or separate contract of insurance exists between the lienholder and the insurer. In other words, there are two contracts of insurance within the policy—one with the lienholder and the insurer and the other with the insured and the insurer. [*Id*. at 384 (citations omitted).]

Thus, a standard mortgage clause "effects a new and independent insurance which protects the mortgagee as stipulated, and which cannot be destroyed or impaired by the mortgagor's acts or by those of any person other than the mortgagee or someone authorized to act for him and in his behalf." *Id*. at 389-390 (quotation marks and citation omitted). Consequently, when an insurance policy contains a standard mortgage clause, misrepresentations in a mortgagor's application for insurance do not necessarily void the contract between the insurer and mortgagee even when the misrepresentations render the policy void *ab initio* as to the mortgagor. See e.g., *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 529-530; 847 NW2d 657 (2014). See also Couch, Insurance, 3d § 65:65 (recognizing that a standard mortgage clause "makes a new contract between the insurer and mortgagee, which is unaffected by the misrepresentations or false statements of the mortgagor . . ., of which the mortgagee is ignorant, whereby the insurance never became valid as to the mortgagor").

With respect to whether the insurance policy at issue in this case contained a standard mortgage clause, the language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). When the policy language is clear, a court must enforce the specific language of the contract. *Hensier v Frankenmuth Mut Ins Co*, 449 Mich 155, 160; 534 NW2d 502 (1995). Standard mortgage clauses "are generally identifiable within an insurance policy on the basis of their language." *Wells Fargo Bank*, 304 Mich App at 524. A standard mortgage clause contains

> language that serves to afford coverage to the mortgagee even where it is not afforded to the insured. The result of such language is that "the lienholder's interest in the insured's property will not be avoided by any acts, representations, or omissions of the insured." A standard loss payable clause thus may contain language indicating, for example, that the mortgagee will be covered

notwithstanding "any act or neglect by the insured" that may result in the denial of coverage to the insured. [*Id*. at 524-525 (citations omitted).]

In relevant part, the insurance policy at issue in this case contains the following clause:

**Rights and Duties of Mortgagee**. The term "mortgagee" includes a trustee or a land contract holder, if applicable.

If a mortgagee is named in the Declarations, any payment for loss under Coverage A or B will be made to the mortgagee and **you**, as interests appear . . . .[4]

The interest of the mortgagee under this policy will not be affected by any action or neglect by **you**. The interest of the mortgagee under this policy will terminate unless it notifies **us** of any change of ownership, occupancy or substantial change in risk of which the mortgagee has knowledge and pays upon demand any premium due if **you** fail to do so.

Thus, the plain language of the policy provides that "any action or neglect" by Jones (the named insured) would not prohibit recovery by CitiMortgage (the mortgagee). We conclude that this is a standard mortgage clause that created a separate, independent contract between Meemic and CitiMortgage. Consequently, Meemic's rescission of Jones's policy based on the acts of Jones at the time she procured the policy did not affect Meemic's independent contract with CitiMorgage.

With respect to whether Meemic has subrogation rights even though the insurance policy between Meemic and Jones was rescinded, the insurance policy included conditions regarding the rights and duties of Meemic:

If **we** pay the mortgagee for any loss and deny payment to **you**:

A. **we** will be subrogated to the extent of **our** payment to all the rights that the mortgagee has under the mortgage on the property; or

B. at our option, **we** may pay to the mortgagee the whole principal on the mortgage and any interest due. In this event, **we** may receive a full assignment and transfer of the mortgage and all securities held as collateral for the mortgage debt.

Thus, in relevant part, the plain language of the contract provides that, if Meemic paid CitiMortgage "for any loss" *and* denied payment to Jones, Meemic would have rights of subrogation. Jones argues that, because Meemic rescinded the policy—as opposed to simply denying her claim—Meemic is not entitled to subrogation.

Because the policy does not define the term "deny," we must turn to dictionary definitions to decipher its meaning. See *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 84; 730

---

[4] CitiMortgage was listed as the mortgagee on the policy declaration.

NW2d 682 (2007). *Random House Webster's College Dictionary* (1997) defines "deny" as "to refuse to agree or accede to"; "to withhold something from, or refuse to grant a request." In contrast, *Random House Webster's College Dictionary* (1997) defines "rescind" as "to revoke, annul, or repeal." Thus, the contract only granted Meemic the right of subrogation if it paid CitiMortgage and refused to pay Jones's claim under the policy—as opposed to entirely annulling Jones's rights under the policy.

It is undisputed that Meemic paid $53,356.49 to CitiMortgage. However, Meemic decided to do more than refuse to pay Jones's claim under the policy. Meemic voided the policy *ab initio* due to Jones's material misrepresentation.[5] Thus, because the contract only contemplates rights of subrogation when a claim is denied, Jones is not contractually obligated to pay $53,356.49 to Meemic under the terms of the policy. Consequently, we conclude that the trial court erred by granting summary disposition in favor of Meemic as to the recoupment of the payment to CitiMortgage.

In so holding, we note that Meemic argues that *Citizens State Bank of Clare v State Mut Rodded Fire Ins Co of Mich*, 276 Mich 62; 267 NW 785 (1936), establishes that it is entitled to subrogation despite the fact that Meemic rescinded the insurance policy. We disagree. In *Citizens State Bank*, after property was destroyed by fire, the insurance company argued that the insurance policy was void *ab initio* because of material misrepresentations that were made by the mortgagor in the insurance application. *Id*. at 65. After the mortgagee filed suit against the insurance company to enforce the standard mortgage clause contained in the policy, the trial court entered a judgment in favor of the mortgagee but held that the insurance company was not entitled to subrogation from the mortgagor. *Id*. at 65, 69-70. The insurance company appealed. *Id*. at 65.

When considering whether the insurance company was entitled to subrogation, our Supreme Court analyzed the contract's plain language. *Id*. at 70. In doing so, the *Citizens State Bank* Court noted that the insurance policy provided that, when the insurance company "shall pay the mortgage (or trustee) any sum for loss or damage under [the] policy" and the insurance company "shall claim that as to the mortgagor or owner, no liability therefor existed," the insurance company would thereafter be "legally subrogated [to the extent of such payment] to all the rights of the party to whom such payments [were] made . . . ." *Id*. The *Citizens State Bank* Court agreed that the mortgagor's misrepresentations concerning the total dollar amount of the encumbrances on the property appeared to be material misrepresentations that would void the policy as to the mortgagor. *Id*. at 70-71. Nonetheless, because the record was incomplete and certain "facts" were not before the Court, our Supreme Court reversed the trial court's judgment and granted a new trial. *Id*. at 71.

Thus, contrary to Meemic's arguments, the Court in *Citizens State Bank* did not hold that an insurance company is entitled to subrogation even after it elects to rescind an insurance policy due to the insured's misrepresentations at the time the policy is procured. Moreover, the Court in *Citizens State Bank* began its analysis by interpreting the plain language of the insurance policy,

---

[5] When a policy is void *ab initio*, it is as though the policy never existed. *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 536-539; 872 NW2d 412 (2015) (observing that a contract that is void *ab initio* is a nullity at the outset).

which provided that subrogation was permitted when the insurance company determined that "no liability therefor existed" "as to the mortgagor or owner[.]" *Id*. at 70. This language is different from the language of the insurance policy at issue in this case. As already discussed, the insurance policy in this case is narrower in that it permits subrogation only when the insurance company *denies* coverage. Consequently, we conclude that Meemic's reliance on *Citizens State Bank* is misplaced.

Meemic also relies on *Marketos v American Employers Ins Co*, 240 Mich App 684; 612 NW2d 848 (2000), rev'd in part on other grounds by 465 Mich 407 (2001). However, Meemic's reliance on *Marketos* is misplaced because that case concerned whether an insurance company was entitled to a setoff of the proceeds that it paid to the insured's mortgagee under a standard mortgage clause. *Id*. at 690-696.[6]

Finally, Jones argues in her reply brief that this Court should dismiss Meemic's action because it was filed after the statute of limitations expired. However, "[r]eply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in [her] reply brief." *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). Because the statute of limitations argument was improperly raised for the first time in Jones's reply brief, we decline to consider it.

Reversed and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

---

[6] Meemic also relies on *Nationwide Mut Fire Ins Co v McDermott*, 603 Fed Appx 374 (CA 6, 2015), to support that it is entitled to subrogation even though it rescinded the policy. However, Meemic's reliance on *McDermott* is misplaced because, unlike in this case, the insurance company in *McDermott* did not void the policy *ab initio*; rather, the insurance company contended that the insured's claim "was not covered under the policy" because the insured failed to comply with the terms of the policy after it was issued. *Id*. at 375-377. Meemic's reliance on *Wyckoff v Standard Fire Ins Co*, 936 F2d 1474 (CA 6, 1991), is also misplaced because the policy language in that case is distinguishable from the policy language herein. Specifically, like the contractual language in *Citizens State Bank*, the contractual language in *Wyckoff* provided that the insurance company was entitled to subrogation if it paid "the mortgagee any sum for loss under th[e] policy" and "claim[ed] that, as to the mortgagor or owner, no liability therefor existed . . . ." *Id*. at 1491. As already stated, the policy language at issue in this case is narrower in that it only grants Meemic the right of subrogation if it denies a claim. Meemic also relies on numerous opinions from other jurisdictions to support that it is entitled to contractual subrogation in this case. However, those opinions are not binding on this Court. See *Auto Owners Ins Co v Seils*, 310 Mich App 132, 147; 871 NW2d 530 (2015).